No. 100,006

STATE OF KANSAS, *Appellee*, v. TERRANCE KELLY, *Appellant*.
(244 P.3d 639)

Opinion filed
December 10, 2010.

*Meryl Carver-Allmond*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Steven M. Howe*, district attorney, and *Steve Six*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: Terrance Kelly appeals the district court's denial of his pro se motion titled "Motion to Withdraw Plea and to Correct Illegal Sentence and to Vacate Sentence." The district court construed the motion as an ineffective assistance of counsel claim under K.S.A. 60-1507 and denied it as untimely. On appeal, Kelly argues the district court should have treated his motion as a motion to withdraw his plea. This court has jurisdiction under K.S.A. 22-3601(b)(1) (off-grid crime; life sentence). Because the district court should have construed Kelly's motion as a motion to withdraw his plea, we reverse and remand for reconsideration.

FACTUAL AND PROCEDURAL BACKGROUND

In 1994, Kelly killed a liquor store clerk during a robbery. Kelly was 14 years old. He was charged with first-degree felony murder

and aggravated robbery. The juvenile court waived jurisdiction, certifying Kelly for adult prosecution. While represented by counsel, Kelly pleaded guilty to both charges. Pursuant to his plea negotiations, the State and Kelly jointly recommended the district court enter a downward durational departure sentence on the aggravated robbery charge based on the defendant's age as a mitigating factor. They also recommended the sentences run consecutively. The district court imposed the presumptive sentence instead of the recommended departure, resulting in a life sentence for the felony-murder charge and a consecutive 172-month sentence for the aggravated robbery charge.

On August 30, 2007, almost 12 years after sentencing, Kelly filed a pro se motion titled "Motion to Withdraw Plea and to Correct Illegal Sentence and to Vacate Sentence" and an 11-page memorandum of law supporting that motion. Most of Kelly's arguments claimed his sentence was illegal because he should have been prosecuted as a juvenile. But he also alleged ineffective assistance of counsel. Kelly pursued this claim in a section of his memorandum titled "Defendant was Denied Effective Assistance of Counsel," in which he alleged the following: (1) Counsel prevented him from making an informed plea decision because he was not fully apprised of the sentencing ranges and jurisdiction; (2) counsel failed to keep him informed regarding the plea negotiations; (3) counsel failed to investigate or advise Kelly of any defenses or trial strategies available if he did not enter a guilty plea; and (4) counsel failed to advise Kelly of the rights he would be waiving by entering a plea. It also recited the three-prong test for ineffective assistance of counsel and alleged counsel's conduct fell below an objective standard of reasonableness.

The district court denied Kelly's motion without holding a hearing. It construed the motion as raising two claims: (1) Kelly's sentence was illegal because he was tried as an adult; and (2) Kelly received ineffective assistance of counsel. As to the latter, the district court characterized it as "a claim generally raised under K.S.A. 60-1507." Ultimately, the district court held the Kansas Juvenile Code allows juveniles to be tried as adults and that adult certification was proper in this case. Kelly does not challenge this finding

on appeal. Regarding the ineffective assistance of counsel claims, which are the focus in this appeal, the district court held they "should have been made" in a K.S.A. 60-1507 motion and the 1-year limitations period on a K.S.A. 60-1507 motion had expired several years earlier. Finally, the district court held "there is no manifest injustice *supporting an extension of time.*" (Emphasis added.) Kelly timely appealed.

## ANALYSIS

Kelly argues the district court should have treated his pro se pleading as a motion to withdraw his plea under K.S.A. 22-3210(d). He argues remand is necessary for the district court to consider whether his plea should be withdrawn to correct manifest injustice. Because Kelly claims his counsel was ineffective and his counsel's failures infected his plea negotiations, we agree the district court should have construed Kelly's pleading as a motion to withdraw his guilty plea.

Pro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial. See *Bruner v. State,* 277 Kan. 603, 605, 88 P.3d 214 (2004) (construing pro se K.S.A. 60-1507 motion as a request for DNA testing under K.S.A. 21-2512). Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review. Cf. *Estate of Draper v. Bank of America,* 288 Kan. 510, 517, 205 P.3d 698 (2009) (de novo review applies to the construction of written instruments such as antenuptial agreements).

At the time Kelly filed this motion, K.S.A. 22-3210(d) governed the decision to grant or deny a motion to withdraw a guilty plea. It states:

"A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 22-3210(d).

It should be noted that K.S.A. 22-3210 was amended in 2009. L. 2009, ch. 61, sec. 1. The amended statute imposes a 1-year time

limitation on motions to withdraw a plea, which may be extended upon a showing of excusable neglect. K.S.A. 2009 Supp. 22-3210(e). Under similar facts, this court prematurely analyzed the defendant's motion to withdraw a plea under the amended statute in *State v. Edwards,* 290 Kan. 330, 334-35, 226 P.3d 1285 (2010). Since Kelly filed this motion before the K.S.A. 22-3210 amendments became effective, we emphasize that the pre-amended statute controls, and we abrogate any language in *Edwards* suggesting K.S.A. 2009 Supp. 22-3210 applies under these facts.

As stated above, K.S.A. 22-3210(d) creates two standards for evaluating motions to withdraw pleas. The first applies before sentencing, when courts have discretion to permit withdrawal upon "good cause" shown. But after sentencing, courts may permit a plea withdrawal only to correct "manifest injustice." Some factors courts may consider when determining whether to grant a motion to withdraw a plea are: "(1) whether the defendant was represented by competent counsel, (2) whether the defendant was misled, coerced, or unfairly taken advantage of, and (3) whether the plea was fairly and understandingly made." *State v. Aguilar,* 290 Kan. 506, 511, 231 P.3d 563 (2010). As these factors demonstrate, whether plea counsel was ineffective is relevant to determining whether a motion to withdraw a plea should be granted. The district court erred in assuming that all ineffective assistance of counsel claims should be construed as K.S.A. 60-1507 motions.

Next, we must determine under our rules requiring liberal construction of pro se pleadings whether the contents of Kelly's filing could be construed as raising a motion to withdraw his plea. In his motion and supporting memorandum, Kelly alleged he was not informed of the rights he would waive by entering a plea agreement, that counsel failed to investigate available defenses that would be relevant to determining whether a plea was in Kelly's best interest, and that Kelly did not fully understand the sentence recommended under the agreement. We find these allegations sufficient to warrant consideration of Kelly's filing in 2007 as a motion to withdraw his guilty plea. The district court erred by construing Kelly's motion solely as a K.S.A. 60-1507 motion and then denying it because it was untimely under that provision.

Finally, we should emphasize a point Kelly's appellate counsel conceded during oral argument, which is that the district court was not required to hold a hearing before determining the merits of Kelly's claims. The error was that the district court did not consider Kelly's motion in light of the manifest injustice requirements set out in K.S.A. 22-3210 as that statute existed at the time Kelly filed his motion.

On remand, the district court must determine whether Kelly may withdraw his plea in order to correct manifest injustice. As this court recently stated in *Aguilar*, the manifest injustice requirement is appropriate when a motion to withdraw plea is filed after sentencing because the State's case weakens the longer a defendant waits to file a motion to withdraw the plea. The plea withdrawal statute is not intended to provide a tool for temporal manipulation. 290 Kan. at 512.

Reversed and remanded with directions.

TIMOTHY E. BRAZIL, District Judge, assigned.