NOT DESIGNATED FOR PUBLICATION

Nos. 116,973
116,974

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DALE M.L. DENNEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed January 26, 2018. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BUSER and SCHROEDER, JJ.

PER CURIAM: This is an appeal of the district court's summary dismissal of Dale M.L. Denney's petition for writ of error coram nobis (hereinafter, writ of coram nobis) that he filed in separate actions relating to two criminal cases. The district court construed Denney's pleading as a K.S.A. 60-1507 motion and ruled that it was both untimely and successive. On appeal, Denney asserts his petition raised sufficient facts and legal issues to merit an evidentiary hearing. Upon our review, we conclude that Denney's claims are procedurally barred. Accordingly, we affirm the district court's summary dismissal.

1

The facts of the criminal cases which relate to this appeal have been documented by numerous panels of our court, most recently in *State v. Denney*, No. 110,336, 2015 WL 326432, at *1 (Kan. App. 2015):

"In 1992, Denney was paroled after his imprisonment for convictions of rape and aggravated burglary in 1987. While on parole, Denney committed additional violent sex crimes for which a jury convicted him in two cases consolidated for trial, case No. 93 CR 1343 (1992 case) and case No. 93 CR 1268 (1993 case). See *State v. Denney*, 278 Kan. 643, 643-44, 101 P.3d 1257 (2004) (*Denney II*).

"In the 1992 case, Denney held a knife to the throat of his sister-in-law and sodomized her in the fall of 1992. As a result, Denney was convicted in 1993 of aggravated criminal sodomy, aggravated sexual battery, and an aggravated weapons violation. In the 1993 case, Denney beat, choked and sodomized his former girlfriend. This resulted in his conviction in July 1993 of aggravated criminal sodomy, aggravated battery, aggravated sexual battery, and an aggravated weapons violation.

"According to our Supreme Court: 'The evidence in both cases was extensive and uncontroverted by Denney.' *State v. Denney*, 258 Kan. 437, 439, 905 P.2d 657 (1995) (*Denney I*). Denney was sentenced to 36 years-to-life in the 1992 case and a consecutive controlling prison term of 228 months in the 1993 case. Our Supreme Court affirmed the convictions and sentences on direct appeal. 258 Kan. at 441-48."

In subsequent years, Denney has filed numerous motions seeking postconviction relief. This latest motion on appeal was filed on September 26, 2016, as a petition for writ of coram nobis. In the motion, Denney alleges that in the two separate criminal cases prosecutors manufactured evidence by having the State's witnesses testify falsely at trial and that Kansas courts violated his right to equal protection of the law.

In support of his motion, Denney attached four exhibits as "evidence of [his] innocence." The first three exhibits were laboratory results, witness testimony, and an

2

affidavit and a journal entry of dismissal—these exhibits predated 1996. The fourth exhibit was an affidavit by an ex-husband of one of the victims dated February 29, 2008, which claimed that one of the victims was not sexually assaulted by Denney and that the trial testimony by Denney's victims was coerced.

In a written order dated November 2, 2016, the district court found: "The common-law writ of error coram nobis has been abolished in Kansas by legislation. [Citations omitted.]" However, the district court construed the motion liberally as a K.S.A. 60-1507 motion before summarily dismissing it as untimely filed and successive.

Denney timely appealed. Both cases were consolidated for appeal.

DISCUSSION

On appeal, Denney challenges the district court's ruling that his motion was both untimely and successive and asserts that he made a sufficient factual and legal showing to merit an evidentiary hearing.

At the outset, we conclude the district court properly construed Denney's pro se petition for writ of coram nobis as a K.S.A. 60-1507 motion. K.S.A. 2016 Supp. 60-260(e) specifically abolished writs of coram nobis and other archaic common law writs. And, as the district court noted: "Pro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments." *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). The district court's determination that Denney's writ of coram nobis should be construed as a K.S.A. 60-1507 motion was proper and consistent with the holdings of our court. See, e.g., *State v. Ditges*, 306 Kan. 454, 457, 394 P.3d 859 (2017) (noting that judges must liberally construe pro se pleadings).

3

Next, we consider whether the district court's summary dismissal of Denney's K.S.A. 60-1507 motion was correct.

District courts have three options when considering a K.S.A. 60-1507 motion:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

When, as here, the district court summarily denies the K.S.A. 60-1507 motion, our court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Sola-Morales*, 300 Kan. at 881.

Relevant to this appeal are two procedural hurdles that a movant must clear in order to avoid summary dismissal. First, a K.S.A. 60-1507 motion must be timely. Second, the motion must not be successive. The district court found Denney failed to satisfy either of these requirements. Each requirement will be addressed separately.

*Denney's Motion Was Untimely.*

In ruling that Denney's motion was untimely, the district court found:

"6. . . . Because of the amendments to the 1507 statute in 2003, Mr. Denney would have until July 01, 2004, in which to file a 60-1507 motion. [Citation omitted.]

4

The instant action was filed September 26, 2016. Clearly, Mr. Denney is well over a decade out of time to file a 1507 motion . . . .

"7. The Court can allow the Movant to file out of time if the Court finds that manifest injustice would result if Movant was prevented from doing so. [Citation omitted.] Movant here does not even argue in his Motion that manifest injustice would result if his claim is not prosecuted."

Generally, a defendant has one year from the date when a conviction becomes final to file a K.S.A. 60-1507 motion. K.S.A. 2016 Supp. 60-1507(f)(1). Individuals—such as Denney—whose claims preexisted the 2003 statutory amendment had until June 30, 2004, to file a K.S.A. 60-1507 motion. *Pabst v. State*, 287 Kan. 1, 22, 192 P.3d 630 (2008). As the district court correctly determined, Denney filed his motion about 12 years after the statutory time period had expired.

The statutory one-year time limitation may be extended by the district court, however, to prevent manifest injustice. K.S.A. 2016 Supp. 60-1507(f)(2). K.S.A. 2016 Supp. 60-1507(f)(2)(A) provides that for purposes of manifest injustice

"the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence."

Denney contests the district court's finding that he did not assert manifest injustice to justify his untimely motion. He argues that he "explicitly acknowledged the 'manifest injustice' requirement, even including the term in the title of his motion[]." The State counters that, while Denney may have mentioned manifest injustice in his motion, he "makes no effort to explain why he waited more than eight years after the affidavit was prepared to file his motions."

Based on our reading of Denney's motion, we find the district court erred in finding that Denney did not claim the manifest injustice exception. However, even with this error, the end result—summary dismissal of Denney's motion—is warranted because Denney's motion did not adequately explain why he failed to file the motion within the statutory one-year time limitation or within a reasonable period of time thereafter. Three exhibits supporting his claims, for example, predated 1996 which was about eight years before the June 30, 2004 deadline to file the motion. Moreover, with regard to the February 29, 2008 affidavit, Denney provides no explanation why he waited for eight years before raising this issue in his motion on appeal.

Denney also fails to show actual innocence. Although he repeatedly claims he is innocent in the motion, we are persuaded by our Supreme Court's finding that the evidence of Denney's guilt in both cases was extensive. See *State v. Denney*, 258 Kan. 437, 439, 905 P.2d 657 (1995). Thus, Denney has not shown that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. See K.S.A. 2016 Supp. 60-1507(f)(2)(A).

Accordingly, while Denney *raised* manifest injustice in his motion, he did not successfully *demonstrate* manifest injustice. Thus, the district court properly dismissed Denney's motion for untimeliness as required by K.S.A. 2016 Supp. 60-1507(f).

*Denney's Motion Was Successive.*

In a K.S.A. 60-1507 proceeding, the sentencing court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (citing K.S.A. 60-1507[c]). Moreover, "[a] movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of

circumstances justifying the original failure to list a ground." *Trotter*, 296 Kan. 898, Syl. ¶ 2.

This consolidated appeal of two postconviction motions is the latest in a long line of litigation filed by Denney. As he candidly concedes: "The procedural history since [the two criminal cases in 1993] is too long to recount: these are the 28th and 29th of 29 appeals and original actions filed to date with the Kansas Appellate Courts." Denney also admits that he "did not explicitly acknowledge the 'exceptional circumstances' requirement" for successive postconviction motions in the district court.

We discern no exceptional circumstances to warrant consideration of this successive motion. Denney's latest K.S.A. 60-1507 motion claimed the prosecution at trial essentially conspired against him and convicted him of crimes he did not commit. As proof of this allegation, Denney attached several exhibits to his motion. Exhibit A referenced a 1993 laboratory report; Exhibit B referenced witness testimony from 1994; Exhibit C was a 1994 affidavit and a 1995 journal entry; and Exhibit D was the 2008 affidavit.

The district court considered this evidence and determined Denney's motion was successive. In its decision, the district court noted the arguments presented by Denney were "merely a re-hashing of the evidence offered at trial" and concluded it could find no exceptional circumstances "that would allow consideration of this second 60-1507 motion."

We agree. The first three exhibits submitted with Denney's latest K.S.A. 60-1507 motion related to evidence presented at trial and, based on their dates, should have been litigated in Denney's 1995 direct appeal or were litigated in his earlier postconviction motions. Similarly, Denney's argument regarding the fourth exhibit, the affidavit, was also considered by our court in a recent K.S.A. 60-1507 appeal. *Denney*, 2015 WL

7

326432, at *5-6. Because Denney has previously raised the same claims he now asserts, or should have raised them on direct appeal, his K.S.A. 60-1507 motion is successive and the district court properly dismissed it.

Affirmed.