NOT DESIGNATED FOR PUBLICATION

No. 118,777

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL LEE YATES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, and TIMOTHY J. CHAMBERS, judges. Opinion filed November 21, 2018. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, senior assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON and LEBEN, JJ.

PER CURIAM: Following a bench trial, the district court found Michael Lee Yates guilty of two counts of battery on a correctional officer. The court sentenced him to 130 months of incarceration. Yates appeals.

On January 27, 2017, the State filed case number 17CR62, charging Yates with two counts of battery on a correctional officer (CO). The State alleged that while Yates was an inmate at the Reno County Correctional Facility, he hit two COs in the face with a

1

closed fist. On October 23, 2017, Yates filed a pro se motion to dismiss. He originally filed the motion in case No. 16CR882, Court of Appeals case No. 118,772. Yates contended that in Hutchinson Correctional Facility case number 15-06-282, he had pled no contest and was found guilty of violating K.A.R. 44-12-304. As a sanction, he paid a $20 fine, suffered 6 month loss of good time, served 45 days in disciplinary segregation, and served 60 days on restriction. He claimed that criminal prosecution after prison sanctions violated his right against double jeopardy, protected by the Fifth Amendment of the United States Constitution and Section 10 of the Kansas Constitution Bill of Rights.

Yates waived his right to a jury trial and proceeded with a bench trial on stipulated facts. At the conclusion of the trial, the district court took the matter under advisement and issued its decision in writing. The court first denied Yates' motion to dismiss. It cited to *State v. Harlin*, 260 Kan. 881, Syl. ¶ 4, 925 P.2d 1149 (1996), noting Kansas' long established law that prison discipline did not bar subsequent prosecution for the same conduct. The court then determined that the State proved beyond a reasonable doubt that Yates had committed both counts of battery on a correctional officer.

The district court sentenced Yates to 130 months in KDOC custody with 24 months of postrelease supervision. The sentence was to be served consecutive to Yates' 136-month sentence in case number 16CR882. Yates appeals.

When the facts of the case are not in question, a district court's determination of whether double jeopardy applied is subject to de novo appellate review. *State v. Harlin*, 260 Kan. at 883.

Yates originally filed the motion in 16CR882 and the facts of the motion occurred prior to the commission of the offense in 17CR62. As Yates asserted, pro se pleadings are liberally construed, giving effect to content rather than labels and forms. *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). However, his logic that we should construe his

2

motion so liberally as to ignore the content and recognize that he likely received discipline following this incident fails. Liberally construing pro se motions permits courts to review motions for their content rather than the title, so long as the content provides a basis that courts may legally review. Here, the content disallows review because the issue at hand occurred before the commission of the battery and the district court considered and dismissed the motion in 16CR882. This issue is not properly before us.

We also find that in *Harlin*, the Kansas Supreme Court determined criminal prosecution after prison disciplinary actions against the defendant for the same conduct does not constitute double jeopardy. 260 Kan. at 891.

Both the United States and Kansas Constitutions prohibit a defendant from being "twice put in jeopardy." According to Black's Law Dictionary 963 (10th ed. 2014), "jeopardy" is "[t]he risk of conviction and punishment that a criminal defendant faces at trial." In a jury trial, jeopardy attaches with the empaneling of the jury. In a bench trial, jeopardy attaches upon swearing in the first witness. Black's Law Dictionary 963 (10th ed. 2014). The Double Jeopardy Clause prohibits *courts* from imposing multiple punishments under different statutes for the same conduct in the same proceeding contrary to the legislative intent. *State v. Hensley*, 298 Kan. 422, 435, 313 P.3d 814 (2013). Here, a court did not impose the multiple punishments complained of nor were they the result of a prosecutor seeking punishment on multiplicitous charges. No jeopardy attached with the KDOC disciplinary hearing. The district court has not subjected Yates to double jeopardy.

Affirmed.