NOT DESIGNATED FOR PUBLICATION

No. 120,798

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JORDAN MYCHAEL LEFFEL,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed December 13, 2019. Affirmed.

*Shawnah K. Corcoran*, of Strongpoint Law, of South Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD BURGER, C.J., LEBEN and SCHROEDER, JJ.

PER CURIAM: Jordan Mychael Leffel pleaded guilty to eight charges for his role in three armed robberies. The State originally brought those charges in one case, but later refiled them as three separate cases. Once convicted, this caused Leffel's criminal-history score to increase beyond what it would have been had there been only a single case, which meant that his presumptive sentences also increased.

After sentencing, Leffel said his court-appointed attorney hadn't told him about this. So he asked the district court to allow him to withdraw his guilty plea. The court held an evidentiary hearing and rejected his request, saying that the plea agreement and

1

the court's own statements made it clear that Leffel had been aware of the sentences he faced before pleading guilty.

When the district court holds an evidentiary hearing on a plea-withdrawal motion, we review its decision for an abuse of discretion, which occurs only when the decision is based on an error of fact or law or when no reasonable person could agree with it. Leffel doesn't allege any legal or factual errors and there is nothing unreasonable about the district court's findings: the plea agreement recited the criminal-history score the court would use in each case, and the court repeated that information before it accepted Leffel's plea. The court also told Leffel what his maximum sentences were. We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Leffel took part in three armed robberies in 2015. After he was arrested, the State charged him with three counts of robbery, three counts of burglary, and two counts of kidnapping. At first, the State brought all the charges in a single criminal case. But it later refiled the charges as three separate cases—one for each armed robbery. According to Leffel, the State did that because he refused to testify against his codefendants. Leffel then pleaded guilty in all three cases, and the State amended the kidnapping charges to misdemeanors.

The effect of the State bringing three cases, instead of one, was that Leffel's presumptive sentences changed. Under our state's sentencing guidelines, a presumptive sentence is based on the current offense and the extent of a defendant's past offenses (condensed into a criminal-history score ranging from A, the most serious, to I, the least serious). The greater the defendant's criminal-history score, the greater the presumptive sentence for the current offense.

2

For Leffel, this meant that his presumptive sentence increased. When all of Leffel's charges were in one criminal case, his criminal-history score for his new sentences would have been F, based on two juvenile convictions; the new convictions, all in the same case for which was being sentenced, would not have been counted in the criminal history at all. But when the State spread the charges out across three cases, the convictions in each case counted towards Leffel's criminal-history score in the other two. As a result, Leffel's criminal-history score after pleading rose to an A, which meant he faced a longer guidelines sentence.

Leffel's plea agreement laid this out for him: "Defendant acknowledges, understands and agrees that the criminal convictions for each case will be scored in the others as person crimes which will make him a criminal history 'A' for each case." Then at a hearing on that plea agreement, the district court told Leffel that the maximum sentence he faced in each case was 247 months in prison. And before the court accepted his plea, it explained how Leffel's criminal-history score would be calculated:

"THE COURT: Any questions about anything I have said so far, Mr. Leffel? This is the time to bring up any concerns or statements.

"A. When I was going over on the agreement on the last sentence it says defendant acknowledges, understands and agrees that the criminal convictions for each case will be scored in the others as person crimes which will make him a Criminal History A for each case. That's just if it's agreed to run consecutive, like?

"THE COURT: Your criminal history is based on your prior convictions. The criminal history is based upon all convictions in other cases, no matter when they occurred so based upon the way and you have three separate cases with two of the cases each containing at least two person felonies. If you have any prior person felonies then it would appear you are going to be an A history but as far as consecutive or concurrent that has nothing to do with criminal history. That's a decision I will make at sentencing.

"A. Okay, so it's not guaranteed that I'm going to be sentenced in an A box?

"THE COURT: If you have an A history you will be sentenced as an A history.

"A. As of right now I'm not.

3

"THE COURT: Once you enter the convictions then you will be.

"A. Okay.

"THE COURT: You need time to talk to Mr. Osburn? I want to make sure you understand everything that's happening.

"A. All right. I understand."

At sentencing, the district court sentenced Leffel based on criminal-history score A and determined that the presumptive sentencing range for each case was between 221 and 247 months in prison. Leffel's attorney objected to that finding because he thought it was "inherently wrong" that the guilty pleas in each case counted towards the criminal-history scores in the others. But he acknowledged that the sentencing guidelines provided for that result.

The district court imposed a 233-month sentence in each case and ran each sentence concurrently (serving all sentences at the same time) rather than consecutively (serving each sentence in sequence). Leffel appealed his sentences, but our Supreme Court summarily dismissed that appeal because an appellate court has no subject-matter jurisdiction to sentences that fall within the presumptive range under the guidelines, as Leffel's did.

Without the help of an attorney, Leffel then filed a motion seeking habeas corpus relief under K.S.A. 60-1507. Leffel complained that his court-appointed attorney, Charles Osburn, had represented him ineffectively by misleading him about the consequences of pleading guilty. Leffel claimed that Osburn had said that he faced between 82 and 92 months in prison and that his criminal-history score would be F, not A.

The district court held an evidentiary hearing on the motion. Leffel testified that he wouldn't have pleaded guilty if he had known that he faced a 233-month sentence based on criminal-history score A. He acknowledged that the district court had tried to explain

4

that his score would be A, but he said that he hadn't understood it then. And he also said that the goal of the habeas motion was to withdraw his plea.

Osburn also testified. He denied telling Leffel that his sentence would be between 82 and 92 months. He also denied telling Leffel that his criminal-history score would be F. On the contrary, he said, he told Leffel several times that the score would be A because the State had refiled the charges as three separate criminal cases. And he said that Leffel was aware of that.

Based on Leffel's testimony and the substance of Leffel's claim, the district court treated his habeas motion as a motion to withdraw a plea. The court noted that the plea agreement said that Leffel's criminal history score would be A in all three cases. The court also read the transcript of the plea hearing and found that the court had stated both the maximum sentence (247 months) and the criminal-history score it would use for sentencing (A). Based on those facts, the court concluded that Leffel had been aware of the sentences he faced and that Osburn did not provide ineffective assistance. The court also found that, even presuming ineffective assistance, Leffel was not harmed because the sentence he would have faced at trial was much like the one the court imposed. The court denied Leffel's motion.

Leffel now appeals that denial to this court.

ANALYSIS

We will begin our analysis with the characterization of Leffel's claim in the district court. Somewhat different substantive standards apply to motions to withdraw a plea than to ones seeking habeas corpus relief, though the procedures for handling these different motions are essentially the same. Leffel filed his motion without an attorney's help, and this court looks to the substance of the motion to determine the standards applicable to it.

5

See *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). Leffel's motion cited K.S.A. 60-1507, the statute for habeas claims. But as he said at the evidentiary hearing, the substance of his claim was that he should have been allowed to withdraw his plea. And in his appellate brief, filed by Leffel's appointed attorney, he has cited to the legal standards for motions to withdraw a plea. We therefore apply the standards for plea-withdrawal motions to Leffel's claim.

A defendant may withdraw a plea after sentencing only to avoid manifest injustice. Kansas courts generally consider "manifest injustice" to mean something that is "'obviously unfair'" or "'shocking to the conscience.'" *State v. Kelly*, 291 Kan. 868, 873, 248 P.3d 1282 (2011). In applying that standard to a motion to withdraw a plea, we consider what we generally call the *Edgar* factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). We then review the district court's decision for abuse of discretion, which occurs only when the decision is based on an error of law or fact or when no reasonable person could agree with it. See *State v. Bricker*, 292 Kan. 239, 244, 252 P.3d 118 (2011).

Leffel wants to withdraw his plea because he claims that his court-appointed attorney was ineffective. To show manifest injustice in this context, a defendant must show that his or her attorney's performance fell below an objective reasonableness standard and that there's a reasonable probability that, but for the attorney's inadequate work, the defendant would not have entered the plea and would have insisted on going to trial. *State v. Adams*, 284 Kan. 109, 118, 158 P.3d 977 (2007). In short, Leffel had to show inadequate representation and prejudice as a result.

The district court found that Leffel couldn't make either of those showings. After hearing testimony from both parties and reading the plea agreement and transcript of the

6

plea hearing, it found that Leffel was well aware that his criminal-history score would be A and that he faced nearly 20 years in prison. So it rejected Leffel's assertion that Osburn performed deficiently by misleading Leffel about his sentence. And then on prejudice, the district court found that the sentence would have been similar had he gone to trial, so Leffel was not prejudiced by any alleged misconduct.

That's not the right legal standard for the second showing. See 284 Kan. at 118 (noting that prejudice is determined by whether a reasonable probability exists that but for counsel's errors the defendant would not have pleaded guilty and would have taken the case to trial). But we need not focus on prejudice because Leffel first had to show that Osburn's representation was not objectively reasonable. The district court found that Leffel hadn't done that. The district court made that finding under the proper legal standard, so we may reverse its decision only if no reasonable person could agree with it.

But a reasonable person could agree with the court's decision. Although Leffel asserts that he didn't know about the consequences of his plea, Osburn said that they discussed his criminal-history score and potential sentences several times. That testimony is supported by the plea agreement, which Leffel signed two months before the plea hearing: "Defendant acknowledges, understands and agrees that the criminal convictions for each case will be scored in the others as person crimes which will make him a criminal history 'A' for each case." Then at the plea hearing, the court told Leffel that if he pleaded guilty, his criminal-history score would be A and the maximum sentence would be 247 months in prison for each case. So a reasonable person could believe that Leffel knew of the sentence he faced before pleading guilty.

We conclude that the district court did not abuse its discretion when it denied Leffel's motion to withdraw his plea. We therefore affirm the district court's judgment.