NOT DESIGNATED FOR PUBLICATION

No. 121,604

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MILLER'S TOW AND RECOVERY, LLC,
*Appellee*,

v.

KEITH ADAMS,
*Defendant*,

and

LISA ADAMS a/k/a Lisa Bennett,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; MICHAEL J. HOELSCHER, judge. Opinion filed April 10, 2020. Affirmed.

*Lisa Adams Bennett*, appellant pro se.

No brief by appellee.

Before POWELL, P.J., HILL and STANDRIDGE, JJ.

POWELL, J.: Lisa Adams a/k/a Lisa Bennett appeals pro se the district court's judgment in favor of Miller's Tow and Recovery, LLC, which had filed a collection action to recover expenses from towing and impounding Bennett's car. Bennett claims the district court erred, but our review of the record reveals otherwise. Accordingly, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

On February 16, 2015, Bennett had AAA tow her 2000 Honda Accord to American Transmission due to an apparent transmission problem. However, Bennett did not immediately ask American to fix her car, and the car sat in American's lot for over two years. On April 1, 2017, Robert Miller, the owner of Miller's Tow and Recovery, received a call from Scott Blees at American, asking Miller's Tow to remove several vehicles from its lot because it was going out of business. One of those cars was Bennett's.

Miller's Tow first called the City of Wichita to determine whether Bennett's car was wanted for any reason. Finding it was not, Miller's Tow transported Bennett's car to its impound yard on April 12. After impounding Bennett's car, Miller's Tow ran a VIN search through the Kansas Department of Revenue to find the last registered owner. That search revealed the last known registered owners were Keith Adams and Bennett (then Lisa Adams) at an address in Wichita. Miller's Tow sent a letter by certified mail to that address, but it received the return card unsigned on April 21. The search also revealed Aviation Associates Credit Union had a lien on the car, but, when contacted, the credit union responded that it no longer held a security interest in the car. On April 28, Miller's Tow sent another letter to Bennett to inform her of the impound fees owed. It also placed a public notice in the paper that same week. After receiving no response, Miller's Tow sold the car at auction for $250.

On December 5, 2018, Miller's Tow sued Adams and Bennett for its impound fees and costs amounting to $1,550. At the bench trial, Bennett admitted to previously living at the address where Miller's Tow had sent its certified letter. She first testified she took her car into American Transmission in the second half of 2016 but later agreed it was on February 16, 2015. Bennett testified she had a legal contract with American Transmission to have her transmission repaired and claimed her car had been missing from American's

2

lot when she drove by four months later. A mechanic at American told her the car had been towed and gave her Miller's Tow's number. Bennett claimed that when she called the number, Bullet Recovery answered. Bennett presented a letter, dated November 16, 2016, from Bullet Recovery saying her car had been towed. Bennett testified she was unable to find her car until she learned in 2017 that it had been auctioned.

During her closing argument, Bennett asked the district court to uphold her counterclaim that Miller's Tow did not follow Kansas law and illegally sold her car.

At the conclusion of the bench trial, the district court granted a judgment in favor of Miller's Tow for the requested $1,550, plus interest. It found Bennett had her car towed to American on February 16, 2015, and when American went out of business, American had Miller's Tow remove the car on April 1, 2017. The district court also found Miller's Tow followed the proper statutory procedures for disposing of the car. It also dismissed the claims against Keith with prejudice.

Bennett timely appeals.

ANALYSIS

At the outset, we note that Bennett has appealed pro se and filed her own appellate brief, listing two issues. First, she claims: "The Plaintiff-Appellees, failed to Answer, 'Request to Abate Public Proceedings, and Notice of Affidavit of Counterclaim'." Second, she claims: "The presiding Magistrate, failed to adhere to the proper law governed by K.S.A. Statutes for a Towing business as required by proper rule of law." In her argument section, her first issue changes to allege:

"Miller's Tow and Recovery, LLC failed to adhere to Kansas Statues [*sic*] regarding Kansas Towing Laws as presented in my Affidavit and Counter Claim in the

3

records and proceedings between the parties. The Plaintiff failed to a [*sic*] adhere to specific laid-down legal Kansas Statutes required procedures prior to towing, auction and sales of vehicle as stated in K.S.A. 8-1103. Resulting in negligence and violations of proper rule of law."

Because Bennett is not trained in the law and has filed this appeal on her own, we construe her pro se pleadings liberally, "giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments." *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). Our reading of her contentions on appeal reveals Bennett's first issue morphs into a similar argument as her second, namely, the district court erred in finding Miller's Tow followed Kansas law and awarding Miller's Tow the judgment. Accordingly, we will solely address Bennett's claim that the district court erred in concluding Miller's Tow had properly followed the law when disposing of Bennett's car.

As to any assertion by Bennett that the district court erred by failing to address her counterclaim, we consider this issue waived by her. The record shows Bennett's counterclaim is not included in the record on appeal. "An appellant has the duty to designate a record sufficient to establish the claimed error. Without an adequate record, the claim of alleged error fails." *Unrau v. Kidron Bethel Retirement Services, Inc.*, 271 Kan. 743, 777, 27 P.3d 1 (2001). Because Bennett did not include her counterclaim in the record, it is impossible for us to analyze it or make any determinations about it.

DID THE DISTRICT COURT ERR WHEN APPLYING KANSAS TOWING STATUTES?

Bennett argues Miller's Tow did not follow Kansas law when it towed, impounded, and then sold her car. She raises three points of error: (1) Miller's Tow failed to comply with K.S.A. 2019 Supp. 8-1103; (2) the district court erroneously disregarded

4

her evidence; and (3) the district court did not properly apply K.S.A. 2019 Supp. 8-1103 when it entered judgment for Miller's Tow.

When a party challenges the district court's findings, we apply a bifurcated standard of review. As to the district court's factual findings, our review is deferential and we determine if substantial competent evidence supports those findings. See *Geer v. Eby*, 309 Kan. 182, 190, 432 P.3d 1001 (2019). "'Substantial evidence is such legal and relevant evidence as a reasonable person might accept as sufficient to support a conclusion. An appellate court's review of conclusions of law is unlimited. The appellate court does not weigh conflicting evidence, pass on credibility of witnesses, or redetermine questions of fact.'" 309 Kan. at 190-91. Findings of fact may not be set aside unless clearly erroneous. K.S.A. 2019 Supp. 60-252(a)(5). "When there is no objection to a trial court's findings, this court presumes that the trial court found all facts necessary to support its judgment." *State v. Jones*, 306 Kan. 948, 959, 398 P.3d 856 (2017).

Because part of our review requires an interpretation of Kansas statutes, answering those legal questions are subject to de novo review. Our first task when interpreting a statute is to attempt to discern the legislative intent through the statutory language, "giving common words their ordinary meanings." *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019). When the language is plain and unambiguous, we give effect to the statute's express language. Only when the statute's language is unclear or ambiguous do we employ the canons of statutory construction or consult extra-statutory sources. 309 Kan. at 149-50.

When a towing service removes and stores a vehicle, a lien on that vehicle is created in favor of the towing service for the value of the service rendered. K.S.A. 2019 Supp. 8-1103(a). At the time of the towing, the towing service must provide written notice to the vehicle's driver, if available, that a fee will be charged for storage. Failure to provide that notice invalidates the lien. K.S.A. 2019 Supp. 8-1103(b). If the lien remains

5

unsatisfied, the towing service may foreclose on that lien. If the name of the vehicle's owner is known to the towing service, notice shall be given to the owner within 15 days "that the vehicle is being held subject to satisfaction of the lien." K.S.A. 2019 Supp. 8-1103(a). If the vehicle remains in possession of the towing service for at least 30 days after towing, it may be sold to pay the accrued charges. K.S.A. 2019 Supp. 8-1103(a).

K.S.A. 2019 Supp. 8-1104 provides some additional requirements for a towing service to follow before it can sell an impounded vehicle. The towing service "shall request verification from the division of vehicles of the last registered owner and any lienholders" within 30 days of the towing service taking possession of the vehicle. K.S.A 2019 Supp. 8-1104. Notice of the sale must be sent by certified mail to any registered owner and lienholders within 10 days of receiving this verification. The towing service must also publish a notice containing the time and place of the sale and a description of the vehicle and personal property in a newspaper in the city or county where the sale will take place. K.S.A. 2019 Supp. 8-1104.

Bennett argues the district court erred because it disregarded her facts and evidence when making its findings. Bennett claims the district court wrongly found Miller's Tow properly followed Kansas law when disposing of her car.

Following a bench trial, the district court stated:

"First, I am granting judgment in favor of the plaintiff in the amount of $1,550, plus interest.

"I'm finding that the defendant in this case arranged to have her vehicle towed to American Transmission on February 16, 2015; that eventually, American Transmission went out of business and American Transmission contacted Miller's Tow and Recovery, LLC to have that vehicle removed. The vehicle was removed from American

6

> Transmission on April the 1st of 2017. Miller's Tran—Miller's Tow and Recovery followed the proper procedures in disposing of the vehicle."

Miller's testimony supports the district court's factual findings. Each fact found by the district court was testified to by Miller. Miller testified about Miller's Tow's process with Bennett's car. Miller received a call from American to tow Bennett's car, but, before the car was towed, Miller called the City of Wichita with the VIN number to obtain clearance to tow. Miller's Tow then impounded Bennett's car on April 12, 2017, ran the car's VIN number through the Kansas Department of Revenue to find the last registered owner, and sent a certified letter to that address. The return card came back unsigned on April 21, 2017. Miller testified that Miller's Tow placed a public notice in the newspaper the week of April 27, 2017, after the certified letter was returned unsigned. Miller's Tow sent another letter on April 28 to inform Bennett of the impound fees she owed. After not receiving any communication from Bennett, Miller's Tow sold the car at auction.

Bennett testified she never received these letters. She noticed her car was missing from American's lot back in August 2015. However, Bennett failed to present any corroborating evidence to support her claims. She did present a letter dated November 16, 2016, from Miller's Tow's collection agency stating that her car had been towed and sold and that she owed $1,500. But the record also contains a letter written by Bennett to the collection agency stating that she received the letter on May 16, 2017.

A reasonable person could find Miller's testimony sufficient to support the district court's findings of fact. Miller's testimony essentially followed the requirements of K.S.A. 2019 Supp. 8-1103. Although not included in the record, Miller's testimony was aided by exhibits of the record searches performed and the letters sent to Bennett. Bennett did not object to the admission of these exhibits or their veracity.

7

The district court found Miller's Tow complied with Kansas law. We agree; the district court's factual findings are supported by the evidence, and we see no error in the district court's legal conclusions. The district court's grant of judgment in favor of Miller's Tow was not erroneous.

Affirmed.