NOT DESIGNATED FOR PUBLICATION

No. 121,036

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES J. SPOONER,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed April 24, 2020. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., SCHROEDER, J., and LAHEY, S.J.

PER CURIAM:  James J. Spooner appeals from the district court's denial of his K.S.A. 60-1507 motion, which it essentially construed as a postsentence motion to withdraw his *Alford* plea to one count of burglary. Upon review, we find no error by the district court, and we affirm.

1

Spooner was convicted of one count of burglary after he entered a plea in compliance with *North Carolina v. Alford*, 400 U.S. 25, 37-38, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), without admitting to the crime in order to take advantage of a favorable sentence or other incentive as a result of his plea. Spooner was originally charged with aggravated burglary, criminal threat, theft, and assault after a break-in occurred at his ex-girlfriend's apartment. Plea negotiations resulted in a plea agreement requiring the State to amend its complaint to a single count of simple burglary and dismiss the remaining charges. In exchange, Spooner agreed he would plead to the amended count of burglary and would not argue against the State's recommendation he be sentenced to the high number of the appropriate sentencing range grid box under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2019 Supp. 21-6801 et seq. See K.S.A. 2019 Supp. 21-6804(a) (KSGA nondrug felony sentencing grid).

At his sentencing hearing, Spooner told his trial counsel he wanted to argue for the low number in the appropriate grid box. Trial counsel told the prosecutor, who responded that doing so would violate the terms of the plea agreement. Spooner told the district court he wanted to be sentenced to the low number in the sentencing range. The State argued Spooner's request was inconsistent with the terms of the plea agreement. The conflict caused the sentencing hearing to be continued, and Spooner filed a presentence motion to withdraw his plea. Spooner subsequently withdrew his motion, and the district court sentenced him consistent with the terms of the plea agreement to 34 months' imprisonment. The record is silent on whether Spooner directly appealed his sentence. However, Spooner filed a pro se K.S.A. 60-1507 motion approximately eight months after sentencing, generally alleging: (1) ineffective assistance of trial counsel; (2) malicious prosecution; (3) improper admission of evidence by the district court; and (4) his plea was entered under duress based on the negative cumulative effect of the various errors alleged.

At a nonevidentiary hearing, the district court declined to consider the merits of three of Spooner's allegations:  (1) his trial counsel was ineffective for failing to investigate potential *Brady* and/or *Giglio* violations by one of the investigating officers; (2) malicious prosecution; and (3) a lack of corroborating evidence rendered the victim's testimony improper hearsay evidence. However, the district court ordered an evidentiary hearing to consider Spooner's remaining claims:  (1) His trial counsel was ineffective for failing to fully investigate whether security camera footage (video) existed showing Spooner was not present at the time of the alleged incident, and (2) he entered his plea under duress. The district court appointed counsel to represent Spooner. At the evidentiary hearing, the district court questioned whether Spooner had properly raised an additional claim he misunderstood the terms of the plea agreement, which was not included in his K.S.A. 60-1507 motion. But the district court ultimately found the argument unpersuasive.

Spooner and his trial counsel testified at the evidentiary hearing. Two exhibits were admitted—a copy of the signed plea agreement as well as a written request for investigatory services by Spooner's trial counsel. Spooner testified he had told his trial counsel about security cameras located around the apartment complex and wanted to obtain footage from the time of the incident because it would prove he was not there. Spooner claimed his trial counsel never gave him a definitive answer as to whether any video had been located. Spooner asserted he felt forced into taking a plea because his trial counsel had not located any video from the apartment complex. He further alleged he was forced to enter the plea under extreme emotional duress based on his anxiety and depression and his trial counsel's failure to investigate potential exculpatory evidence. Finally, Spooner claimed he misunderstood the terms of the plea agreement, believing he would be allowed to argue for the lower number in the sentencing grid box. Spooner claimed his confusion centered around the two plea agreements presented to him—an unsigned draft, which would have allowed him to argue, and the signed agreement, which prohibited him from asking for a lower number in the sentencing grid box.

Spooner's trial counsel testified Spooner told him about the existence of security cameras at the apartment complex. He obtained the services of a defense investigator who went to the complex but had no luck finding any useful video. Trial counsel acknowledged the investigation was incomplete at the time he discussed potential plea negotiations with Spooner. However, trial counsel stated Spooner was aware of the status of the investigation but expressed no hesitation in negotiating and accepting a favorable plea agreement. Trial counsel further testified he reviewed both plea agreements with Spooner, including the one they executed. Spooner expressed general concerns about pleading and going to prison, but he appeared no more stressed or anxious than any other client considering whether to accept a plea requiring prison time. Additionally, trial counsel testified he carefully reviewed the final plea agreement with Spooner, and Spooner was aware he would not be allowed to argue for a lesser sentence at the time he signed the agreement and entered his plea. Trial counsel stated Spooner "was very aware of the fact that we were going into . . . sentencing . . . to be given the high number and to go to prison."

The district court denied Spooner's motion, finding Spooner had not shown he misunderstood the terms of the plea agreement or entered his plea under duress. The district court further found Spooner's trial counsel was not deficient in his investigation of the potential video, but, even assuming he was, Spooner could not show prejudice.

ANALYSIS

Spooner filed his pro se motion under K.S.A. 60-1507. However, the district court construed the motion as a postsentence motion to withdraw his plea and addressed the merits of his claims. The parties do not dispute the propriety of the district court's analysis. And courts should liberally construe pro se motions to give effect to the substance of the motion rather than strictly adhering to its caption. See *State v. Kelly*, 291 Kan. 563, 566, 244 P.3d 639 (2010) (pro se K.S.A. 60-1507 motion should have been

4

construed as motion to withdraw plea). On appeal, Spooner argues the district court erred in denying his motion to withdraw his plea.

K.S.A. 2019 Supp. 22-3210(d)(2) provides: "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." Appellate courts will not disturb a district court's denial of a postsentence motion to withdraw plea "absent an abuse of discretion." *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). It is Spooner's burden to show an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

We generally apply what are commonly referred to as "the three *Edgar* factors when judging whether a movant has established manifest injustice: "'(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made'"" to determine whether a defendant has shown the manifest injustice necessary to withdraw a plea *after* sentencing. *Johnson*, 307 Kan. at 443; see *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 96 (2006); see also *State v. Moses*, 280 Kan. 939, 950-54, 127 P.3d 330 (2006) (noting other factors may support denial of postsentence motion to withdraw plea, including reasonable promptness of motion; defendant's failure to raise issue in prior direct appeal or K.S.A. 60-1507 proceeding; prejudice to State; defendant's prior involvement in criminal justice system; and defendant's receipt of favorable plea bargain). These factors establish "'viable benchmarks'" for the district court when exercising its discretion, but the district court should not ignore other relevant facts which may exist in a particular case. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

Here, after the evidentiary hearing the district court based its ruling on the evidence presented, its independent recollection of the plea hearing, and the material judicially noticed from the record of the underlying criminal proceeding. Spooner's argument raises mixed questions of fact and law. When reviewing a mixed question of fact and law, we apply a bifurcated standard of review. We generally review the factual findings under the substantial competent evidence standard and apply unlimited review to the conclusions of law based on those facts. See *State v. Johnson*, 304 Kan. 924, 950, 376 P.3d 70 (2016). Appellate courts do not reweigh evidence, determine credibility, or resolve evidentiary conflicts in determining whether a district court's factual findings are supported by substantial competent evidence. *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015).

*The first* Edgar *factor*

Under the first *Edgar* factor, Spooner argues he is entitled to relief because his trial counsel was ineffective. To prevail on this point, Spooner must show: (1) his trial counsel's performance was objectively unreasonable; and (2) but for his trial counsel's deficient performance, he would not have entered his plea. See *State v. Morris*, 298 Kan. 1091, 1103-04, 319 P.3d 539 (2014). Spooner asserts his trial counsel was ineffective for failing to fully investigate whether there was any video from the apartment complex on the night of the incident and for misrepresenting the status of the investigation. Spooner claims his trial counsel told him no video could be found, which caused him to enter a plea rather than proceed to trial. Spooner asserts he would not have entered a plea had he known his trial counsel was unaware if the investigator had conclusively determined whether any video existed.

Spooner's argument fails because he essentially asks us to reweigh evidence or resolve evidentiary conflicts, which we cannot do. See *Talkington*, 301 Kan. at 461. Spooner cites to a limited portion of his trial counsel's testimony, which, viewed in

isolation, indicates trial counsel was unaware whether his investigator had been able to locate any video. However, Spooner fails to acknowledge additional testimony from his trial counsel. Viewed in its overall context, Spooner's trial counsel's testimony reflects: (1) His investigator had gone to the apartment complex, spoken with certain people at the complex, and left his business card but had not had any success locating any video; (2) to trial counsel's knowledge, the investigation was still in progress; (3) trial counsel informed Spooner the investigator had not located any video but the investigation was ongoing; and (4) Spooner did not express any reluctance in negotiating and accepting a plea agreement despite the open-ended nature of the investigation to find any video.

Trial counsel's testimony contradicts Spooner's claim. Spooner relies on a one-word answer to a single question; however, trial counsel's responses to additional questioning reflects a more complete picture. Thus, Spooner's testimony is at odds with his trial counsel's. In other words, this is a question of the witnesses' credibility and/or conflicting evidence, which the district court resolved against Spooner. See *Talkington*, 301 Kan. at 461. We accept the district court's credibility determination.

Here, the district court concluded Spooner's trial counsel was not deficient in his efforts to investigate whether any video existed. It has never been conclusively determined whether any video ever existed, much less whether it could have been obtained at the time of the investigation or can still be obtained now. However, according to Spooner's trial counsel, he was authorized to seek plea negotiations with Spooner's full knowledge the investigation to find any video was incomplete. Ultimately, negotiations resulted in Spooner accepting a favorable plea agreement with multiple charges being dismissed. Spooner's assertion that his trial counsel was ineffective because he had not performed a complete investigation is not supported by the record. Spooner fails to acknowledge his trial counsel's testimony that he informed Spooner about the status of the investigation and Spooner was aware "it was always a continuation kind of thing. . . .

7

[I]f [trial counsel or his investigator] could ever find anything [they would] come up with it."

The fact Spooner wanted to negotiate a plea and accepted the favorable plea agreement—with multiple charges being dismissed—was a reasonable professional limitation on trial counsel's need to complete the investigation. By entering a plea, Spooner waived his right to a trial. Video would have been of no value unless the case proceeded to trial. To continue investigating a moot point would have been a waste of time and/or money for trial counsel, his investigator, and the justice system. There was simply no reason to continue the investigation once Spooner choose to enter his *Alford* plea.

Spooner's reliance on *Robinson v. State*, 56 Kan. App. 2d 211, 428 P.3d 225, *rev. denied* 309 Kan. 1349 (2018), to support his failure to investigate claim is misplaced. In *Robinson*, the case proceeded to trial on charges of aggravated arson and felony murder. The person Robinson's attorney contacted was not qualified to provide expert testimony; however, Robinson's attorney did not consider finding another expert. The *Robinson* panel held Robinson's counsel was ineffective because he failed to seek an expert witness to refute the claims of the State's fire investigators until two weeks before trial. 56 Kan. App. 2d at 225-26. The *Robinson* panel noted: "There is no evidence of a comprehensive investigation by [Robinson's] counsel of a most important aspect of this case—fire cause and origin expert opinions. [Robinson's counsel] started his battle with the State unarmed and unequipped with the expertise Robinson needed for a defense." 56 Kan. App. 2d at 227.

*Robinson* is factually and procedurally distinguishable from this case; it provides virtually no persuasive support for Spooner's argument. Had Spooner proceeded to trial, his trial counsel's performance likely would have been ineffective had he failed to conclusively determine whether potentially exculpatory video existed and could be

8

obtained. However, because trial counsel told Spooner the investigation was incomplete and Spooner still indicated he wanted to negotiate and accept a plea, it was not unreasonable for trial counsel to stop pursuing the video as potentially exculpatory evidence.

Spooner has not shown his trial counsel's performance was deficient; thus, he cannot show he was prejudiced as a result. Since we have determined trial counsel's performance was not deficient, we need not address the prejudice prong. But even if we presume trial counsel's performance was deficient, Spooner cannot demonstrate prejudice. There was no evidence presented any video existed or could be obtained. Spooner has not asserted, nor is there any objectively reasonable basis to conclude, he would have gone to trial if a full and complete investigation revealed no video.

*Spooner's claim of duress*

We recognize Spooner's duress claim is not specifically one of the *Edgar* factors but, rather, a method to extend his argument under the first *Edgar* factor. However, Spooner has not shown his trial counsel was ineffective. Thus, he cannot show his trial counsel's actions caused him duress. In support of this claim, Spooner asserts he had been diagnosed with and was taking medication for depression and anxiety. However, the record reflects Spooner was taking his medication as prescribed, and Spooner never claimed the medication was ineffective or in any way affected his decision regarding his plea. Spooner further acknowledges he never claimed to be under duress at the time he entered his plea.

The plea colloquy reflects Spooner indicated he was satisfied with his trial counsel's representation and had not been forced into entering his plea. Trial counsel testified Spooner appeared no more stressed or anxious than would be expected for someone considering whether to accept a plea with an agreement to serve time in prison.

Similarly, the district court found "the type of stress that [Spooner] would have undergone in this case was no different than the stress anybody else would go through in signing a plea agreement." And the district court's finding this was a case of "buyer's remorse" generally indicates it did not find Spooner's testimony convincing and/or credible. We must accept the district court's findings. See *Talkington*, 301 Kan. at 461. Spooner's argument is unpersuasive and contrary to the evidence in the record.

*The third* Edgar *factor*

Spooner also argues he is entitled to relief under the third *Edgar* factor, asserting he did not fully understand the terms of the plea agreement. Specifically, Spooner claims he believed the plea agreement would allow him to argue for a lesser sentence. His argument on this point is unpersuasive and contrary to the evidence in the record. Spooner's trial counsel testified he carefully reviewed the plea agreement with Spooner prior to Spooner signing it and, at the time of the plea, Spooner knew he was not free to argue for a lower sentence. Trial counsel further testified Spooner "was very aware of the fact that we were going into . . . sentencing . . . to be given the high number and to go to prison."

At the plea hearing, the district court asked the State to explain the terms of the plea agreement. In pertinent part, the State explained:  "The parties will be requesting the Court follow the presumption of the guidelines, which appears to be prison. . . . And the defendant will not be free to argue. Both parties will be recommending this sentence." At the plea hearing both Spooner and his trial counsel stated the sentencing recommendation was consistent with their understanding of the plea agreement. Further, prior to entering his plea, Spooner told the district court he had read the plea agreement and acknowledgement of rights and had reviewed them with his trial counsel; he had signed both documents, understood them, and had no questions about either; and he wished to enter into the plea agreement.

In its ruling, the district court relied on Spooner's answers at the plea colloquy, the fact Spooner had not signed any other agreement, and statements from Spooner's trial counsel indicating Spooner understood the terms of the plea agreement. The district court's findings and the basis for its ruling are properly supported by the record. Spooner's argument is unpersuasive. Granting relief on this point would require us to reweigh evidence or make credibility determinations, which we cannot do. See *Talkington*, 301 Kan. at 461.

*No cumulative error*

Finally, Spooner argues even if none of the individual errors he alleges warrant a finding of manifest injustice, "because the existence of manifest injustice is determined with an eye to the totality of the circumstances," the cumulative effect of the alleged errors entitles him to relief. See *Morris*, 298 Kan. at 1106. However, we find the authority Spooner cites in support of his position—*Morris*— questionable because our Supreme Court did not clearly state cumulative error review could apply in this context. See 298 Kan. at 1106.

First, Spooner's argument fails because he has not shown any individual errors. Even if Spooner had identified multiple errors, other relevant facts weigh against a finding of manifest injustice. In *Moses*, 280 Kan. at 950-54, our Supreme Court noted other potentially relevant factors may support the denial of a postsentence motion to withdraw plea, including the defendant's prior involvement in the criminal justice system and the defendant's receipt of a favorable plea bargain. Here, Spooner had an extensive criminal history, which made his criminal history category A. Spooner also acknowledged he received an extremely favorable plea, resulting in a sentence of 34 months' imprisonment as opposed to a potential sentence of more than 130 months had he been convicted of all charged offenses.

We find no cumulative error when there are no individual errors. *State v. Lowrance*, 298 Kan. 274, 298, 312 P.3d 328 (2013). And when we consider the other relevant factors under the totality of the circumstances, we find no manifest injustice. See *Morris*, 298 Kan. at 1106; *Moses*, 280 Kan. at 950-54. The district court properly denied Spooner's postsentence motion to withdraw his *Alford* plea.

Affirmed.