IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,899

EDGAR I. SHERWOOD,
*Appellant,*

v.

STATE OF KANSAS,
*Appellee.*

SYLLABUS BY THE COURT

1.

If a district court conducts a hearing on a K.S.A. 60-1507 motion where the State will be represented by counsel, due process of law requires the movant to be represented by counsel unless the movant waives that right to counsel.

2.

The State may file a written response to a K.S.A. 60-1507 motion. The district court's consideration of the State's response, standing alone, does not constitute a hearing for purposes of determining whether due process of law requires the movant to be represented by counsel.

3.

When a K.S.A. 60-1507 motion and the files and records of the case, including any response to the motion from the State, conclusively show that the movant is entitled to no relief under that motion, the district court may summarily deny the motion without appointing counsel for the movant.

1

Review of the judgment of the Court of Appeals in an unpublished opinion filed September 29, 2017. Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed July 12, 2019. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, was on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

STEGALL, J.:  Edgar I. Sherwood filed a pro se K.S.A. 60-1507 motion about 18 years after he was convicted of rape and aggravated criminal sodomy in Sedgwick County. The State filed a written response to Sherwood's motion, claiming the motion was untimely and Sherwood failed to establish that a manifest injustice excused the delay. The district court agreed and summarily denied the motion. On appeal, Sherwood argues the district court denied him due process when it failed to appoint counsel to represent him after the State filed its response. We affirm because Sherwood's due process rights were not violated and summary denial was appropriate.

FACTUAL AND PROCEDURAL BACKGROUND

In 1997, Sherwood pled no contest to rape and aggravated criminal sodomy of a five-year-old child. The district court sentenced him to 404 months' imprisonment. The Court of Appeals affirmed, and we denied Sherwood's petition for review. *State v. Sherwood*, No. 79,794, unpublished opinion filed January 21, 2000 (Kan. App.), *rev. denied* 269 Kan. 939 (2000).

In January 2015, Sherwood filed a pro se K.S.A. 60-1507 motion and a poverty affidavit, alleging ineffective assistance of trial and appellate counsel and various sentencing errors. He explained that his motion was delayed because he had a learning disability and only recently found a prisoner willing to help him draft the motion. Sherwood later filed two more pro se motions: a motion asking for a copy of the transcripts and plea agreement in his case and a motion requesting the appointment of counsel.

In September 2015, the State filed a written response to Sherwood's K.S.A. 60-1507 motion. The State asked the court to summarily deny the motion because the motion was untimely, Sherwood's claims were conclusory, and he failed to establish a manifest injustice. Three days later, the district court summarily denied the motion with an order stating:

> "Petitioner's demands are based on conclusory statements without any sufficient evidentiary references to support such. Further the petition is time barred due to a 10 year delay in filing this action with no argument suggesting or supporting the existence of manifest injustice to overcome the statutory time limit in filing."

Nine days after the order issued, Sherwood filed a pro se reply to the State's response. He acknowledged that his motion was untimely but claimed that a manifest injustice excused the delay. To this end, he argued that his learning disability prevented him from filing the motion on time and he struggled to find legal assistance. That same day, Sherwood also filed a motion to alter or amend the judgment, claiming the district court failed to address all of his arguments and to give him enough time to reply to the State's response. He also reiterated his manifest injustice arguments and requested an evidentiary hearing to resolve his K.S.A. 60-1507 motion. The district court denied these motions as well.

3

Sherwood raises two due process challenges on appeal. First, he argues the district court violated his due process rights when it failed to appoint counsel to represent him after the State filed a response to his K.S.A. 60-1507 motion. Second, he argues the Judicial Council's pro se K.S.A. 60-1507 form, which he allegedly used to draft his motion, violated his due process rights because it did not adequately inform him about the statutory requirements. See July 1, 2013 Judicial Council K.S.A. 60-1507 form.

Sherwood also argues the district court did not comply with Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 230), because it failed to "make findings of fact and conclusions of law on all issues presented," which precludes meaningful appellate review. Specifically, he claims the court failed to make findings on the *Vontress* factors to determine whether he established a manifest injustice. See *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). Finally, he claims that his motion established a manifest injustice under *Vontress*. For these reasons, Sherwood asks us to reverse summary denial and remand for a hearing with appointed counsel.

The Court of Appeals affirmed, holding Sherwood's due process rights were not violated; the district court's findings were sufficient for appellate review; and summary denial was appropriate. *Sherwood v. State*, No. 115,899, 2017 WL 4321116, at *1, *3 (Kan. App. 2017) (unpublished opinion). We granted Sherwood's petition for review of these holdings, and he makes the same arguments as before.

We note that in the Court of Appeals, Sherwood also argued tangentially that the district court erred in denying his motion to alter or amend the judgment. The panel found this argument was abandoned for lack of briefing. 2017 WL 4321116, at *4. Sherwood did not petition this issue for review, so we decline to address it. See Supreme Court Rule 8.03(b)(6)(C)(i) (2019 Kan. S. Ct. R. 53).

4

Sherwood alleges two procedural due process violations that stem from his pro se status. He first argues the district court denied him due process when it failed to appoint counsel to represent him after the State filed a response to his K.S.A. 60-1507 motion. Then he argues the 2013 version of the Judicial Council's pro se K.S.A. 60-1507 form—which he relied on to draft his motion without the help of counsel—did not adequately inform him about the statutory time limits or the need to establish a manifest injustice to excuse his untimely motion. See K.S.A. 2018 Supp. 60-1507(f)(1)(A) (requiring an action to "be brought within one year of: . . . The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction"); K.S.A. 2018 Supp. 60-1507(f)(2) ("The time limitation herein may be extended by the court only to prevent a manifest injustice."). He claims these errors, taken together, compounded the due process violation.

Whether due process has been afforded is a question of law subject to unlimited review. *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005). We address each argument in turn and conclude Sherwood's due process rights were not violated for either reason.

Sherwood claims the filing of the State's response to his K.S.A. 60-1507 motion triggered his due process right to appointed counsel. He analogizes the district court's consideration of the State's written response to a hearing where the State was represented by counsel but he was not. In support, he points to decisions like *State v. Hemphill*, 286 Kan. 583, 596, 186 P.3d 777 (2008), which hold that due process requires a postconviction movant to be represented by counsel at a hearing where the State is represented by counsel unless the movant waives the right to counsel. See, e.g., *Stevenson v. State*, No. 96,082, 2007 WL 438745, at *2 (Kan. App. 2007) (unpublished opinion). The State does not challenge this precedent but counters that Sherwood's due process

rights were not violated because considering a written response is different from holding a hearing. The Court of Appeals held that due process requires the appointment of counsel when a hearing takes place on a postconviction motion, but considering the State's response did not amount to holding a hearing. *Sherwood*, 2017 WL 4321116, at *3.

Today in *Stewart v. State*, 309 Kan. ___, Syl. ¶ 2, ___ P.3d ___ (No. 115,149, this day decided), we considered the same arguments and affirmed that "if the court conducts a hearing at which the State will be represented by counsel, due process of law requires that the [K.S.A. 60-1507] movant be represented by counsel unless the movant waives that right to counsel." But we also clarified that an *actual* hearing triggers the right. *Stewart*, 309 Kan. at ___, slip op. at 15. Consequently, we held: "The State is permitted to file a written response to a K.S.A. 60-1507 motion. The district court's consideration of the State's response, standing alone, does not constitute a hearing for purposes of determining whether due process of law requires the movant to be represented by counsel." *Stewart*, 309 Kan. ___, Syl. ¶ 3.

Following *Stewart*, we hold the filing of the State's response did not trigger Sherwood's right to appointed counsel. Moreover, the district court's consideration of the State's written response to Sherwood's pro se K.S.A. 60-1507 motion did not constitute a hearing. As a result, the district court did not violate due process when it declined to appoint counsel for Sherwood. Put simply, Sherwood's due process right to appointed counsel was not triggered because the court did not hold a hearing where the State was represented by counsel.

Next, Sherwood claims he modeled his motion after the Judicial Council's pro se K.S.A. 60-1507 form, and this form violated his due process rights because it did not adequately inform him about the statutory time limits or the manifest injustice exception. He argues the form encouraged him to file an invalid motion that would, inevitably, be

6

summarily denied. The Court of Appeals rejected this argument, holding Sherwood was on constructive notice of K.S.A. 60-1507's timeliness requirements. *Sherwood*, 2017 WL 4321116, at *3.

Sherwood does not dispute that his motion was untimely and that, as a result, he needed to establish a manifest injustice to prevent summary dismissal. And we assume for purposes of this appeal that Sherwood relied on the 2013 Judicial Council form to draft his motion, even though he did not write his motion on that form. Indeed, Supreme Court Rule 183(e) encourages "substantial compliance" with the Judicial Council form. Supreme Court Rule 183(e) (2019 Kan. S. Ct. R. 230) (stating that a K.S.A. 60-1507 motion "is sufficient if it is in substantial compliance with the judicial council form. The form must be furnished by the clerk on request.").

Sherwood is correct that the 2013 Judicial Council form did not mention the one-year time limitation in K.S.A. 60-1507(f)(1) or the manifest injustice exception for untimely motions. See July 1, 2013 Judicial Council Form. But even so, we hold no due process violation occurred because there is no indication that Sherwood was prejudiced by that form. See *State v. Heironimus*, 262 Kan. 796, 808-09, 941 P.2d 1356 (1997) (rejecting due process claim based on defective notice because the defendant failed to show prejudice). On the contrary, Sherwood's pro se motion did assert reasons for the delay, though he did not use the legalese "manifest injustice." See, e.g., *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010) ("Pro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial."). Sherwood claimed the lengthy delay should be excused because he had a learning disability and had trouble getting the help he needed to file the motion. And on appeal, Sherwood insists that he fully asserted the *Vontress* factors in his motion. On these facts, we cannot conclude the 2013 Judicial Council form deprived

7

Sherwood of due process. Thus, we affirm the Court of Appeals on this point as right for a different reason. See *Hayes v. State*, 307 Kan. 9, 16, 404 P.3d 676 (2017).

Following his due process arguments, Sherwood claims a remand is necessary because the district court violated Supreme Court Rule 183(j) by failing to "make findings of fact and conclusions of law" on the *Vontress* factors to determine whether he established a manifest injustice to excuse his untimely motion. See Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 230). He claims this mistake impedes meaningful appellate review. See *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000) (stating that the "fundamental problem" with a district court's failure to follow Rule 183[j] is that it "impedes appellate review"). Whether the district court complied with Rule 183(j) is a question of law we review de novo. *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009).

Again, the district court's summary denial order stated:

"Petitioner's demands are based on conclusory statements without any sufficient evidentiary references to support such. Further the petition is time barred due to a 10 year delay in filing this action with no argument suggesting or supporting the existence of manifest injustice to overcome the statutory time limit in filing."

Although the district court's order was concise, it adequately conveyed that Sherwood's arguments were conclusory; his motion was untimely; and none of his arguments established a manifest injustice. See *Sherwood*, 2017 WL 4321116, at *4. The order, though brief, was not boilerplate. See *Nguyen v. State*, 309 Kan. 96, 112, 431 P.3d 862 (2018) ("Boilerplate journal entries, which only state that 'motions, files, and records of the case did not show manifest injustice; and [movant]'s conclusory allegations did not entitle him to relief,' do not comply with Rule 183(j)."). Furthermore, the order provides sufficient detail for us to review Sherwood's manifest injustice claim. We agree with the

Court of Appeals that "[a]lthough the district court's order was brief, for purposes of appellate review it is clear enough to explain the district court's legal basis for summarily denying Sherwood's motion." *Sherwood*, 2017 WL 4321116, at *4. Thus, we hold the district court's order complied with Rule 183(j) and proceed to Sherwood's manifest injustice claim.

Finally, on the merits of Sherwood's claim, we review the summary denial of his K.S.A. 60-1507 motion de novo because we have the same access to the motion, records, and files as the district court. See *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007). Summary denial is appropriate, without appointing counsel, when the motion and the files and records of the case, including any response to the motion by the State, conclusively show that the prisoner is entitled to no relief. See K.S.A. 60-1507(b); *Stewart*, 309 Kan. ___, Syl. ¶ 4.

Because Sherwood's K.S.A. 60-1507 motion was untimely, he had the burden to prove by a preponderance of the evidence that an extension was necessary to prevent a manifest injustice. See K.S.A. 60-1507(f)(2); Supreme Court Rule 183(g) (2019 Kan. S. Ct. R. 228); *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). We have defined a manifest injustice as something "'obviously unfair'" or "'shocking to the conscience.'" 308 Kan. at 496 (quoting *Vontress*, 299 Kan. at 614).

The Court of Appeals analyzed Sherwood's manifest injustice claim under both *Vontress* and the 2016 amendment to K.S.A. 60-1507(f)(2), which abrogated *Vontress* and changed the manifest injustice analysis. See L. 2016, ch. 58, § 2. The panel held that Sherwood did not establish a manifest injustice under either standard. *Sherwood*, 2017 WL 4321116, at *10.

In *Vontress*, we directed that "courts conducting a manifest injustice inquiry under K.S.A. 60-1507(f)(2) should consider a number of factors as a part of the totality of the circumstances analysis," including:

> "whether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.*, factual, not legal, innocence." 299 Kan. at 616.

But in 2016 the Legislature amended K.S.A. 60-1507 to remove the second *Vontress* factor and thus narrow the manifest injustice inquiry. *White*, 308 Kan. at 496-97; L. 2016, ch. 58, § 2. Under the amended statute, courts are "limited to considering (1) a movant's reasons for the failure to timely file the motion and (2) a movant's claims of actual innocence." *Hayes*, 307 Kan. at 14; see K.S.A. 2018 Supp. 60-1507(f)(2)(A).

Recently in *White*, we held that the *Vontress* factors govern our manifest injustice inquiry for K.S.A. 60-1507 motions filed before July 1, 2016, and the 2016 amendments to K.S.A. 60-1507 govern for motions filed after that date. *White*, 308 Kan. at 503. We decided *White* after the Court of Appeals issued its decision but while Sherwood's case was still pending. Because Sherwood filed his motion before July 2016, *Vontress* governs our manifest injustice inquiry.

The first *Vontress* factor is whether "the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation." 299 Kan. at 616. In his motion, Sherwood argued the delay was caused by his learning disability; his inability to obtain legal assistance; and his inability to obtain record documents to support the motion. We agree with the Court of Appeals' reasoning on this factor. As the panel explained:

"With regard to Sherwood's claim of mental instability or learning disability, he does not specify the nature and extent of his condition. He also does not explain how in 2014—more than 10 years after the deadline to file his K.S.A. 60-1507 motion, and almost 15 years after the Kansas Supreme Court denied Sherwood's petition for review on his direct appeal—he was finally able to enlist the assistance of another inmate, yet he was unable to obtain assistance from that inmate or other inmates during the previous 15 years." *Sherwood*, 2017 WL 4321116, at *7.

While the record suggests that Sherwood tried but failed to obtain record documents about 5 months prior to his K.S.A. 60-1507 motion, this also does not explain the roughly 18-year delay. See 2017 WL 4321116, at *7. Thus, we conclude Sherwood did not provide a persuasive reason for the long delay.

The second *Vontress* factor is whether "the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration." *Vontress*, 299 Kan. at 616. Sherwood made many arguments in his K.S.A. 60-1507 motion but only raises these on appeal: (1) he did not have enough time to prepare a defense for trial; (2) the district court counted an unspecified conviction against him twice at sentencing; (3) under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), a jury, not a judge, should have decided whether to impose an upward departure at sentencing; and (4) neither the district court nor his trial counsel informed him about the maximum sentence he could receive. He also argues that trial and appellate counsel were ineffective for failing to catch these errors. We agree with the Court of Appeals that the first two claims are conclusory and do not merit further review. See *Sherwood*, 2017 WL 4321116, at *7-9. Given this, we only analyze the last two arguments and the ineffective assistance of counsel claims intertwined with them.

In his pro se motion, Sherwood argued that according to *Apprendi*, a jury should have decided whether to impose an upward departure at sentencing. See K.S.A. 21-4716 (authorizing sentencing judge to impose a departure sentence when the judge finds

11

substantial and compelling reasons to do so). He explained that if his appellate defender had "file[d] a federal appeal" for him, as he requested, then he would have qualified for relief under *Apprendi* and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001). Liberally construing his motion, it appears that Sherwood meant his appellate defender should have filed a writ of certiorari with the United States Supreme Court for him.

In *Apprendi*, the United States Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Applying this rule in *Gould*, we held that "[a]n upward departure sentence imposed on a defendant by a judge under K.S.A. 2000 Supp. 21-4716 [former departure statute] is a violation of the defendant[']s Sixth Amendment rights and Fourteenth Amendment Due Process rights and, thus, is unconstitutional." 271 Kan. 394, Syl. ¶ 3. But *Gould* also clarified that this holding "has no retroactive application to cases final as of June 26, 2000, the date *Apprendi* was decided." 271 Kan. 394, Syl. ¶ 6. We denied Sherwood's petition for review in his direct appeal, and the mandate issued in March 2000.

Sherwood's current appellate counsel connects the dots to argue that if the appellate defender in Sherwood's direct appeal had filed a writ of certiorari with the United States Supreme Court, then Sherwood's case would have been pending when *Apprendi* was decided, and as a result, he would have qualified for relief under *Gould*. This appears to be an ineffective assistance of appellate counsel claim, though Sherwood does not label it as such.

Sherwood's claim depends on the shaky premise that he has a right to counsel for a writ of certiorari to the United States Supreme Court in the first place. On appeal, he provides no constitutional or statutory authority to support this premise, and existing caselaw is not favorable toward his view. The United States Supreme Court has declined

12

to find a federal constitutional right to counsel for filing a writ of certiorari. See *Ross v. Moffitt*, 417 U.S. 600, 617, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974) (holding that states are not constitutionally required to provide counsel for defendants seeking review of their convictions at the Supreme Court). And we have held that "the Kansas Legislature intended that a defendant's right to counsel in the direct appeal of a felony conviction extends to all levels of the *state appellate process*, including the filing of the petition for review." (Emphasis added.) *Kargus v. State*, 284 Kan. 908, 916, 169 P.3d 307 (2007). Of course, filing a writ of certiorari to the United States Supreme Court would fall outside the state appellate process. Thus, under existing caselaw, Sherwood's argument that his appellate defender was ineffective for failing to file a writ of certiorari does not raise a substantial issue of law that would amount to a manifest injustice.

Sherwood's motion also stated that he was never informed about the maximum sentence he could receive or the possibility of an upward departure before accepting the plea. The record reveals that the district court informed Sherwood that he could receive a total of 402 months' imprisonment—just two months shy of his actual 404-month sentence—which included an upward departure.

At the plea hearing, defense counsel believed that Sherwood's criminal history score would be D. The judge explained to Sherwood that if he had a criminal history score of D, then she could impose an upward departure and sentence him to a total of 402 months' imprisonment:

> "[THE COURT:]  Mr. Sherwood, your lawyer apparently thinks that you are going to be a Criminal History D. That means you have one prior person felony. Now, let me just tell you, now the most, the maximum sentence you could receive if you were a Criminal History D would be if . . . I departed and doubled both counts and ran them consecutive, you would get 250 months on Count 1 and you would get 152 months on Count 2 for a total of 402 months. That's the most you face if . . . I doubled your sentence and I ran them consecutive if you are a Criminal History D."

13

The judge asked Sherwood if he understood this, and Sherwood said yes. Then the judge asked if Sherwood understood what she meant by a "double departure," and Sherwood said yes. Finally, she asked if Sherwood had any questions about his possible sentence, and he said no. At sentencing, the judge found that Sherwood had a criminal history score of D and sentenced him to a total of 404 months' imprisonment.

We conclude Sherwood was sufficiently informed about the sentence he could receive when he entered his plea, despite the two-month difference. This small discrepancy does not support an ineffective assistance of counsel claim or amount to a manifest injustice.

Lastly, the third *Vontress* factor is whether "the movant sets forth a colorable claim of actual innocence, *i.e.,* factual, not legal, innocence." *Vontress*, 299 Kan. at 616. In short, Sherwood now wants to withdraw his plea and contest the charges. But this is not a colorable claim of innocence, and he presents no argument that challenges the State's detailed proffer of evidence about the rape and aggravated criminal sodomy.

In conclusion, none of the *Vontress* factors support finding a manifest injustice here—we see no persuasive reason for the delay; no substantial issue of law meriting consideration; and no colorable innocence claim. We thus agree with the lower courts that Sherwood has failed to establish a manifest injustice and summary denial was appropriate.

Affirmed.