NOT DESIGNATED FOR PUBLICATION

No. 120,488

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GABRIEL MARTINEZ,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; AARON T. ROBERTS, judge. Opinion filed December 13, 2019. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*David Greenwald*, assistant district attorney, *Mark A. Dupree Sr.*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., GARDNER, J., and MCANANY, S.J.


PER CURIAM: In 2009, a jury convicted Gabriel Martinez of first-degree murder and criminal discharge of a firearm. Nine years later, he filed a K.S.A. 60-1507 motion arguing that his confession was involuntary and should have been suppressed. The district court summarily dismissed that motion as untimely. Martinez now appeals, claiming the district court should have found manifest injustice which would excuse the untimeliness of his motion. Finding no error, we affirm.

1

*Factual and Procedural Background*

In September 2007, a jury convicted Gabriel Martinez of first-degree murder and criminal discharge of a firearm. The district court sentenced him to serve a "Hard 50." Martinez appealed but our Supreme Court affirmed his conviction and issued a mandate denying all relief in April 2009. *State v. Martinez*, 288 Kan. 443, 204 P.3d 601 (2009).

In June 2018, Martinez filed a pro se K.S.A. 60-1507 motion. He argued that the State used his confession at trial in violation of the Fifth Amendment to the United States Constitution and due process, citing *In re B.M.B*., 264 Kan. 417, 422-23, 955 P.2d 1302 (1998). At the time of his confession, Martinez was 17 years old. He claims that the interviewing officers should have contacted his parents, guardian, attorney, or a child advocate. He also claims he did not raise this issue before because, as a non-native of the United States, he was not familiar with the legal system.

The district court summarily dismissed the motion as untimely and found that Martinez failed to establish manifest injustice.

Martinez timely appeals.

*Analysis*

When the district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

A prisoner who files a K.S.A. 60-1507 motion must do so within one year after the appeal is final. K.S.A. 2018 Supp. 60-1507(f)(1). Martinez concedes that his motion, filed in 2018, was untimely.

A district court may extend this one-year time limitation only to prevent manifest injustice. K.S.A. 2018 Supp. 60-1507(f)(2). The burden is on the movant to establish manifest injustice by a preponderance of the evidence. *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). Courts have broadly described manifest injustice as something "'obviously unfair' or 'shocking to the conscience.'" *State v. Holt*, 298 Kan. 469, 480, 313 P.3d 826 (2013). But our inquiry about manifest injustice narrowly focuses on two circumstances:

> "(A) For purposes of finding manifest injustice under this section, the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence. As used herein, the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2018 Supp. 60-1507(f)(2)(A).

Martinez contends that he meets both circumstances—his ignorance of the law prevented him from timely filing and he made a colorable claim of actual innocence.

*Actual Innocence*

We first address Martinez' claim that the district court ignored his claim of actual innocence. The district court's order, however, stated that Martinez failed to "set forth a colorable claim of actual innocence anywhere in his motion," his motion was untimely, and he did "not come close to establishing manifest injustice." Although the order could have been more specific, it provides us with enough detail to see that the district court considered Martinez' claim and for us to review Martinez' manifest injustice claim. See

3

*Sherwood v. State*, 310 Kan. 93, 99, 444 P.3d 966 (2019) (holding district court's order, although brief, complied with Supreme Court Rule 183[j] [2019 Kan. S. Ct. R. 228]).

Martinez next challenges the correctness of that finding, asserting that his motion did claim actual innocence. We have reviewed Martinez' K.S.A. 60-1507 motion, yet do not find in it any assertion that his confession to the officer was untrue or that he is innocent of the crimes underlying his convictions, or any similar language. Yet even had Martinez included such a statement, an assertion of actual innocence based solely on the prisoner's word is insufficient. The Kansas Supreme Court recently rejected a prisoner's suggested rule that his statement of innocence in his motion and under oath must be considered true:

> "The practical result of this court adopting Beauclair's position would be evisceration of the one-year time limit. Every late K.S.A. 60-1507 motion could allege actual innocence on the movant's word alone as a gateway to consideration of the motion's merits. As the United States Supreme Court noted in *Schlup* [*v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)], an exception comparable to Kansas' 'manifest injustice' should remain 'rare' and be applied only in the 'extraordinary' case. 513 U.S. at 321. Beauclair's suggested rule would make application of the exception anything but 'rare' and 'extraordinary.'" *Beauclair v. State*, 308 Kan. at 302.

More than a sworn statement of innocence is necessary. To fall within the "actual innocence" exception to one-year limitations governing this kind of motion, Martinez must show that it was "more likely than not that no reasonable juror would have convicted the prisoner *in light of new evidence*." K.S.A. 2018 Supp. 60-1507(f)(2)(A) (Emphasis added.); *Beauclair*, 308 Kan. at 294. Our Supreme Court in *Beauclair* explained the rationale for requiring new evidence:

> "'To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific

4

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" 308 Kan. at 299 (quoting *Schlup*, 513 U.S. at 324).

Yet Martinez does not contend that he presented any new evidence to the district court.

*Beauclair* is instructive by contrast. Beauclair attached to his motion 22 affidavits and declarations from the victim and others who had alleged abuse by Beauclair and from family members familiar with the circumstances surrounding the original allegations and his later plea agreement. Those affidavits showed his main accuser had recanted. Additionally, although Beauclair had confessed, he explained in his motion why he would have made a false confession. The Kansas Supreme Court found this evidence was new and may meet the standard in K.S.A. 2017 Supp. 60-1507(f)(2)(A), so it remanded to the district court for an evidentiary hearing on Beauclair's gateway claim of actual innocence.

In contrast, our review of the motion, files, and records shows that Martinez did not present any new evidence as is necessary to support his claim of actual innocence. Martinez points only to his confession that the jury already considered, alleging that it was obtained in violation of constitutional protections required by *B.M.B.*, 264 Kan. 417. Martinez argues this should be construed as a claim of actual innocence.

*B.M.B.* held that a juvenile under 14 years old must be allowed to consult with his or her parent, guardian, or attorney about whether he or she will waive his or her rights to an attorney and against self-incrimination. Absent such warning and consultation, a confession cannot be used against the juvenile at a later hearing or trial. But *B.M.B.* does not apply to Martinez, who was 17 years old at the time of his confession. And even if the constitutional protections provided in *B.M.B.* applied and were violated here, that would not be enough to show actual innocence.

5

If Martinez falsely confessed to the crime, it was incumbent on him to show new evidence of his actual innocence, as the statute requires, before getting relief under K.S.A. 60-1507. Martinez thus does not meet the requirement to show actual innocence. See K.S.A. 2018 Supp. 60-1507(f)(2)(A); *Murdock v. State*, No. 119,038, 2019 WL 1497013, at *1-2 (Kan. App. 2019) (unpublished opinion) (holding K.S.A. 60-1507 motion time-barred because movant offered no new evidence.)

*Reasons for Untimely Filing*

Martinez alternatively tries to show manifest injustice another way. He argues that he failed to file his motion within the one-year time limit because he is not a native of the United States and is not well versed in the law.

In determining whether the defendant has shown manifest injustice, we consider "whether the prisoner provides persuasive reasons or circumstances that prevented him or her from filing the K.S.A. 60-1507 motion within the 1-year time limitation." *Vontress v. State*, 299 Kan. 607, Syl. ¶ 8, 325 P.3d 1114 (2014), *superseded by statute on other grounds as stated in White v. State*, 308 Kan. 491, 421 P.3d 718 (2018).

A prisoner's lack of legal knowledge, training, and familiarity with the rules of procedure fails to meet that standard. "[A] pro se K.S.A. 60-1507 movant is in the same position as all other pro se civil litigants and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel." *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007). Other panels of our court have routinely found that a K.S.A. 60-1507 movant's lack of knowledge of legal issues does not establish manifest injustice. See, e.g., *Gaona v. State*, No. 119,244, 2019 WL 1496295, at *4 (Kan. App. 2019) (unpublished opinion), *petition for rev.* filed April 15, 2019; *Little v. State*, No. 119,167, 2019 WL 985415, at *4 (Kan. App. 2019) (unpublished opinion), *petition for review filed* April 1, 2019; *Dupree v. State*, No.

116,693, 2018 WL 1440515, at *4 (Kan. App. 2018) (unpublished opinion), *rev. denied* 308 Kan. 1593 (2018); *Gholston v. State*, No. 116,114, 2017 WL 4558230, at *4 (Kan. App. 2017) (unpublished opinion).We believe those cases are well-reasoned. Thus, Martinez' lack of legal knowledge does not amount to manifest injustice.

Martinez fails to show persuasive reasons or circumstances that prevented him from filing his K.S.A. 60-1507 motion within the one-year time limit. Nor has he shown actual innocence. He thus fails to show that manifest injustice would occur absent a time extension. As a result, the district court properly dismissed Martinez' claim as untimely and without an evidentiary hearing.

Affirmed.