NOT DESIGNATED FOR PUBLICATION

No. 120,904

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY S. KIDD,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed April 10, 2020. Affirmed.

*Gerald E. Wells*, of Jerry Wells, attorney at law, of Lawrence, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., HILL and STANDRIDGE, JJ.

PER CURIAM: This is an appeal by Anthony S. Kidd of the district court's denial of his second K.S.A. 60-1507 motion. He contends the court made inadequate findings of fact and conclusions when it summarily denied his motion. He asks us to remand the case for further fact-finding. In opposition, the State argues that we have no jurisdiction to rule on the matter because Kidd failed to file a timely notice of appeal. Through a liberal application of the prison mailbox rule, we hold that we have jurisdiction and will rule on

1

the case. We will, however, deny any relief to Kidd because the district court did make adequate findings of fact and conclusions of law that lead us to affirm its rulings.

*We give the case history as a context for our ruling on jurisdiction.*

Kidd is serving a prison sentence for first-degree murder and several other violent crimes. His convictions and sentence have been upheld on appeal. *State v. Kidd*, 293 Kan. 591, 265 P.3d 1165 (2011). He then filed a K.S.A. 60-1507 motion in 2012. Kidd contended:

- The prosecutor committed misconduct by offering perjured testimony at trial;
- his trial counsel was ineffective by failing to secure an independent expert to counter the coroner's testimony, by not vigorously arguing for a voluntary intoxication instruction, and by not requesting a self-defense instruction; and
- there was insufficient evidence to convict him at trial.

The district court denied Kidd's motion.

Kidd appealed and argued his trial attorney was ineffective by:
- Failing to impeach an eyewitness;
- not procuring an expert to counter the coroner's testimony; and
- failing to request a self-defense instruction.

The panel was unpersuaded and found each claim either lacked a sufficient factual basis or failed to show that trial counsel was ineffective. That panel affirmed the district court's decision and the mandate was issued in February 2016. *Kidd v. State*, No. 111,234, 2015

WL 4460380 (Kan. App. 2015) (unpublished opinion). That brings us to the present motion that is the subject of this appeal.

In May 2017, Kidd again filed a second motion for relief under K.S.A. 60-1507. In this pro se motion, Kidd alleged:

- The district court failed to instruct the jury on lesser included offenses to first-degree murder;
- his constitutional rights were violated during the jury selection process; and
- his appellate counsel was ineffective for failing to raise these two issues in his direct appeal.

About a month later, the district court summarily denied Kidd's motion. The court held that the motions, files, and records showed Kidd had no right to relief. The district court found Kidd:

- Failed to file the motion within one year of the last final action on his case under K.S.A. 60-1507(f);
- offered no reasons for his late filing;
- failed to argue or claim that manifest injustice would result if his claim was not prosecuted;
- failed to claim actual innocence;
- filed a prior motion for relief under K.S.A. 60-1507, which was fully adjudicated, making this motion successive contrary to K.S.A. 60-1507(c);
- argued no exceptional circumstances to justify his failure to list all his grounds for relief in his first 1507 motion; and
- showed no unusual events or intervening changes in the law which prevented him from raising all trial errors in his first postconviction proceeding.

3

*Kidd then attacks his sentence, as well.*

After the court's ruling, Kidd filed a pro se untitled document in which he listed his criminal case number, as well as his case number for this 60-1507 motion, and cited a motion to correct his sentence under K.S.A. 22-3504. He argued that his case should not be out of time because he had an "unexhausted issue" on his direct appellate counsel's failure to litigate all his issues that warranted relief. He explained he was addressing his issues in two stages: the first stage under 60-1507 involved his trial lawyer, and this second stage involved his direct appellate counsel. He argued his unexhausted issues with appellate counsel were exceptional circumstances and the district court's denial of relief on those issues would be a manifest injustice. He requested the appointment of counsel to help him pursue his 60-1507 claims.

Later, on July 18, 2017, the district court denied Kidd's motion to correct his sentence. The court found that Kidd improperly sought to collaterally attack his convictions under K.S.A. 22-3504. On July 27, 2017, Kidd filed a "Response to the District Attorney," dated "This 7/22 day of 2017" and postmarked July 25, 2017, in which he argued the district court should have construed his sentencing issue as a motion for relief under K.S.A. 60-1507. He also argued his motion was not untimely or successive because his issues were "Manifest Injudice [*sic*] or exceptional Circumstances, And unusual." Kidd requested counsel to assist him in "this" matter.

Kidd had also filed a "Poverty Affidavit," in both proceedings in which he again requested the appointment of counsel and cited Supreme Court Rule 183(m) about the appointment of counsel for appeals in procedures under K.S.A. 60-1507. Kidd signed the document and dated it "This 19 day of 2017," and it was filed under both case numbers on July 26 and 27, 2017, respectively. See Supreme Court Rule 183(m) (2017 Kan. S. Ct. R. 222). This document was postmarked July 20, 2017. That poverty affidavit is central to our ruling on our jurisdiction.

4

After the poverty affidavit was filed, the district court ruled on several motions for reconsideration filed by Kidd. We need not give all the details. But when his appeal arrived in this court in April 2019, this court issued a show cause order to the parties to explain why this case should not be dismissed for a lack of jurisdiction. The order showed Kidd's motion to reconsider was not timely filed under K.S.A. 2018 Supp. 60-259, and his notice of appeal was not filed within 30 days of the entry of judgment as required. See K.S.A. 2018 Supp. 60-2103(a).

In response, Kidd argued that his poverty affidavit signed on the "19th day of 2017," and filed on July 26, 2017, coupled with a document entitled "'Outgoing Funds/Donations'" for postage dated July 19, 2017, showed Kidd's intent to appeal the district court's June 20, 2017, summary dismissal of his motion. He argued his pro se poverty affidavit was sufficient as a notice of appeal, and it was timely under the mailbox rule.

The State demurred but stated, "*Assuming* the 'Poverty Affidavit' was mailed on 7-19-17, as it was actually filed on 7-26-17, and that *it could be considered* a 'notice of appeal,' the document would be considered timely filed under K.S.A. 60-2103(a), with the application of the 'prison mailbox rule.'" (Emphases added.) The State also noted, "[*t*]*o the extent* the movant's 'Poverty Affidavit' *can be liberally construed* as a notice of appeal, *it appears* this court should maintain jurisdiction over movant's appeal." (Emphasis added.)

*Why we retain jurisdiction.*

The State argues that because Kidd's appeal focuses on the district court's December 2017 order, and Kidd did not file a notice of appeal of that order, we lack jurisdiction. Kidd did not file a reply brief addressing the State's contention that this court lacks jurisdiction. Rather, Kidd noted in his brief that "upon consideration of [his]

5

response to that show cause order, this Court found the notice of appeal to be timely." While Kidd overstates this court's decision to retain his appeal, it is reasonable for this court to find we have jurisdiction to consider his challenge to the district court's denial of his motion under K.S.A. 60-1507.

At this point, a review of some fundamental points is helpful. Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017). The right to appeal is statutory and is not in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016).

A movant has 30 days from the entry of a judgment in a case to file a notice of appeal. K.S.A. 2019 Supp. 60-2103(a). A notice of appeal must specify the parties taking the appeal, must designate the judgment appealed from, and must name the appellate court to which the appeal is taken. K.S.A. 2019 Supp. 60-2103(b). A motion to alter or amend judgment, filed within 28 days of the entry of judgment, tolls the time for appeal. K.S.A. 2019 Supp. 60-259(f); *Bank of America v. Inda*, 48 Kan. App. 2d 658, 662, 303 P.3d 696 (2013). See K.S.A. 2019 Supp. 60-2103(a).

Here, the district court issued its summary denial of Kidd's second motion under K.S.A. 60-1507 on June 20, 2017. Eight days later, on June 28, 2017, Kidd filed an untitled document referencing the denial of his 60-1507, in which he disagreed with the district court's conclusion that his motion was out of time because he had additional issues that were not exhausted. He also cited Rule 183 and requested the district court appoint counsel to assist him. Further, Kidd requested that if the district court did not "reconsider" his request for an attorney in his 60-1507 matter, he still needed one for his request to correct his sentence.

The next filing in the record was Kidd's pro se poverty affidavit under "60-1507," which was postmarked on July 20, 2017—30 days after the district court's June denial of his motion. Kidd again cited to Rule 183 and requested for an appointed attorney to help him perfect an appeal. The record on appeal does not show whether the district court addressed this document.

On September 1, 2017, Kidd filed another document referring to both his 60-1507 motion and his motion to correct his sentence. In that document, he cited his filing dated June 26, 2017, and reiterated his arguments from that document about his two-stage plan to exhaust his issues under K.S.A. 60-1507. He also claimed he filed a notice of appeal on July 19, 2017. The district court acknowledged this filing, treated it as a motion to reconsider, and denied it. The district court did not make any findings on the timeliness of the motion for reconsideration. Nine days later, Kidd filed another poverty affidavit referencing his K.S.A. 60-1507 motion. He again cited Rule 183 and asked for appointed counsel.

A prisoner's pro se documents are considered "filed" when they are submitted to prison authorities for mailing. *Wahl v. State*, 301 Kan. 610, 615, 344 P.3d 385 (2015). Further, it is the content of the motion, not the heading, that determines the type of motion, and pro se motions are to be liberally construed. See *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010).

First, the district court treated Kidd's September 1 filing as a motion to reconsider. That filing specifically referenced and reiterated the substance of Kidd's untitled filing from only eight days after the June 20 denial. When we interpret the September 1 filing as a motion to reconsider, that means Kidd's June 28 filing was within 28 days of the June 20 denial of his motion. Thus, the June 28 motion to reconsider tolled the time for filing a notice of appeal. See K.S.A. 2019 Supp. 60-259(f); K.S.A. 2019 Supp. 60-2103(a); *Inda*, 48 Kan. App. 2d at 662. After the district court denied the motion to

7

reconsider, only nine days later Kidd filed his second poverty affidavit stating he wanted to appeal and requested counsel—within the 30-day window to file an appeal. See K.S.A. 2019 Supp. 60-2103(a).

Second, under the prison mailbox rule, Kidd's first poverty affidavit was filed on or before July 20, 2017—the date it was postmarked—which was the 30-day deadline to file a notice of appeal. In that document, he disagreed with the district court's denial of his 60-1507 motion, cited Rule 183(m), and requested an attorney to help him pursue an appeal.

Liberally construing the content of Kidd's filings in the days and weeks following the district court's June 2017 denial of his motion under K.S.A. 60-1507, it is clear he intended to appeal. Although he did not title any of his documents as a "notice of appeal," he repeatedly referenced the district court's denial of his motion, disagreed with that decision, and cited the appropriate rule in support of his request for the appointment of counsel to assist him with an appeal about his 60-1507 motion. Kidd's filings either timely tolled the time for a notice of appeal or functioned as timely notices of appeal. It is reasonable for this court to conclude it has jurisdiction to consider Kidd's appeal.

Finally, the State concedes Kidd filed documents reasonably construed as notices of appeal following the district court's June 2017 denial of his motion. We are not persuaded by the State's argument to the contrary. We will consider Kidd's appeal.

*Kidd has no right to relief.*

Kidd contends that the district court erred when it failed to make findings of fact and conclusions of law on all the issues he presented, and thus violated Supreme Court Rule 183(j) (2019 Kan. S. Ct. R. 228). He claims this mistake by the district court occurred in its December 2017 order when it found his arguments from his November

8

2017 motion were incoherent. He argues that the district court should not have summarily denied his 60-1507 motion and his case should be remanded for a preliminary hearing to determine whether he raised a potential substantial issue and for the district court to comply with Rule 183(j). In opposition, the State contends that Kidd's argument "divorces the December 6 order from the district court's prior (and subsequent) rulings in the case." In other words, the State asks us to consider the district court's rulings in context with the entire series of motions and rulings. When we do that, we conclude the State is correct.

*The rules that guide us.*

When a district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant has no right to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

Rule 183(j) requires the district court to make findings of fact and conclusions of law supporting its decision to summarily deny a 60-1507 motion. The purpose of this requirement is to assist the appellate court in conducting meaningful review. *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000). In *Moncla*, the Kansas Supreme Court remanded for more specific findings because it was "left guessing" about the district court's rationale for denial of the postconviction motion. 269 Kan. at 65.

Even so, if a district court's findings are abbreviated, an appellate court will not remand solely on that basis—the relevant inquiry is whether the appellate court can conduct meaningful review. See *Robertson v. State*, 288 Kan. 217, 232-33, 201 P.3d 691 (2009). Whether the district court complied with Rule 183(j) is a question of law this court reviews de novo. *Sherwood v. State*, 310 Kan. 93, 98-99, 444 P.3d 966 (2019).

Here, Kidd does not argue the district court's June 2017 summary denial failed to state sufficient findings and conclusions to provide meaningful review of that denial. Rather, he argues that one of the district court's later orders denying his motions for reconsideration—the December 2017 order—failed to follow Rule 183(j).

But, in context, this court can conduct a meaningful appellate review because the record on appeal is comprehensive and includes all four of the district court's orders denying Kidd's 60-1507 motion and his later motions for reconsideration.

Kidd finds fault with the district court for being unable to decipher his specific arguments in one of his motions for reconsideration filed about five months after the court summarily denied his 60-1507 motion. A close review of Kidd's November 2017 motion—the motion in question—reveals a mere reiteration of his claims from earlier motions. Specifically, Kidd claimed his 60-1507 motion should not be considered successive because he was raising issues as part of a two-stage process about his direct appellate counsel's ineffectiveness. He argued these unexhausted claims qualified as exceptional circumstances to allow a second motion. Kidd argued he "still Has the chance to Fit his claims into KAN stat Ann § 60-1507," and the denial of his claims would be a manifest injustice.

Essentially, Kidd argues that his failure to raise claims against his appellate counsel in his first 60-1507 motion should allow him to raise those "unexhausted claims" in a second 60-1507 motion. In other words, he would like to file piecemeal appeals. That is not permitted. "The K.S.A. 60-1507 statute, however, is not to be used in such a way as to thwart the policy against piecemeal appeals." *Freed v. State*, No. 107,960, 2013 WL 2919869, at *4 (Kan. App. 2013) (unpublished opinion).

Indeed, in its December 2017 ruling, the district court found Kidd's handwritten arguments indecipherable. But the district court's other orders addressed these same

10

arguments following Kidd's other filings. For example, in September 2017, the district court addressed Kidd's two-stage plan and correctly concluded the statute "does not contemplate a 'second stage' of litigation in a 1507 case." And, in February 2018, the district court found that Kidd should have raised his claims in his initial 60-1507 motion. More importantly, the district court made many findings and conclusions in its initial June 2017 order denying Kidd's second 60-1507 motion—in sum, for being untimely and successive. Again, Kidd does not challenge on appeal the June 2017 summary denial.

This record is clear enough to explain the district court's legal basis for summarily denying Kidd's May 2017 motion under K.S.A. 60-1507. And in context, the district court followed Rule 183(j) in its later orders. It made adequate findings and conclusions about Kidd's arguments in his motions for reconsideration, despite the court's inability to decipher those same arguments put forth in his November 2017 motion. In the aggregate, the district court's orders assisted this court in conducting meaningful review. See *Moncla*, 269 Kan. at 65. A remand for further proceedings is not warranted. Kidd has no right to relief.

Affirmed.