NOT DESIGNATED FOR PUBLICATION

No. 121,031

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KEVIN L. FROST,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed May 8, 2020. Affirmed.

*Wendie C. Miller*, of Kenneth B. Miller, Atty at Law, LLC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., POWELL and SCHROEDER, JJ.

PER CURIAM: Kevin L. Frost appeals the summary denial of his second motion for habeas corpus relief under K.S.A. 2019 Supp. 60-1507 as untimely and successive. On appeal, Frost tries to avoid the procedural hurdles to his habeas motion by also claiming his sentence is illegal. Finding no error in the district court's denial of Frost's second K.S.A. 60-1507 motion as untimely and successive, we affirm.

1

In 2011, Frost pled guilty to aggravated indecent liberties with a child. At sentencing, the district court denied Frost's motion for a durational departure and imposed imprisonment for life with a mandatory minimum term of 25 years (hard 25) under K.S.A. 2010 Supp. 21-4643(a)(1)(C).

Frost directly appealed, arguing his hard 25 life sentence constituted cruel and unusual punishment under the United States Constitution. A panel of this court affirmed his sentence in 2012, and the mandate was issued in October 2013. See *State v. Frost*, 48 Kan. App. 2d 332, 288 P.3d 151 (2012).

In 2013, Frost filed a pro se motion to correct an illegal sentence. He argued the district court imposed an illegal sentence because it "[failed] to *review mitigating circumstances*" as required by K.S.A. 2010 Supp. 21-4643(d) when it denied his motion for a durational departure. (Emphasis added.) The district court summarily denied his motion to correct an illegal sentence, finding the motion failed to state a claim or seek relief the court could grant.

In 2014, Frost filed his first request for habeas relief under K.S.A. 60-1507. The motion is not in the record for this appeal, but it appears the district court denied the motion and on appeal another panel of this court affirmed the district court's summary denial of the motion in *Frost v. State*, No. 114,228, 2016 WL 4069565, at *1 (Kan. App. 2016) (unpublished opinion). From the panel's opinion, we observe Frost alleged "ineffective assistance of both trial and appellate counsel and that the district court misinterpreted the sentencing guidelines." 2016 WL 4069565, at *1.

In October 2018, Frost filed his second habeas motion through counsel and argued four claims of error related to his sentence:  (1) The district court did not comply with

K.S.A. 2010 Supp. 21-4643(d) when it denied his departure motion; (2) the district judge who sentenced him was not the same judge who accepted his plea and, as a result, the sentencing court was not aware of the factual basis presented in support of his guilty plea; (3) the district court relied on an incorrect statute when considering his motion for departure; and (4) the district court failed to follow the proper procedure when denying his departure motion. Attached to his motion was a supporting legal memorandum arguing failure to reach the merits of his claims would result in a manifest injustice.

The district court summarily denied Frost's claims for relief, finding his habeas motion (1) was untimely with no showing of manifest injustice; (2) was a second or successive motion but made no showing of exceptional circumstances; and (3) should have been argued in his direct appeal.

ANALYSIS

On appeal, Frost mainly argues the district court should have liberally construed his pleading as a motion to correct an illegal sentence, even though he filed his motion through counsel. Alternatively, he argues the district court erred in summarily denying his habeas motion as untimely and successive.

Although Frost separately briefs each issue he raised in his habeas motion, they all relate to essentially one issue: whether the district court complied with K.S.A. 2010 Supp. 21-4643(d)'s required procedure when it denied his departure motion. To the extent he raises other issues in his brief, they are abandoned because he does not support them with relevant authority or explain why his arguments are sound despite the lack of authority or contrary authority. "Issues not adequately briefed are deemed waived or abandoned." *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019).

3

Frost has supported his first issue with relevant authority, but his argument fails, whether construed as a collateral attack under K.S.A. 2019 Supp. 60-1507(b) or as a motion to correct an illegal sentence under K.S.A. 2019 Supp. 22-3504. We begin our analysis by addressing whether the district court erred in summarily denying Frost's second motion for habeas relief under K.S.A. 2019 Supp. 60-1507.

*No error to summarily deny Frost's second habeas motion*

Our review on the denial of a habeas motion depends on the means the district court used to resolve it. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018). In this case, the district court summarily denied Frost's habeas motion without an evidentiary hearing, making our review unlimited. Like the district court, we can determine whether the motion, files, and records of the case conclusively show the movant is not entitled to relief. *Sherwood v. State*, 310 Kan. 93, 99, 444 P.3d 966 (2019).

K.S.A. 2019 Supp. 60-1507(b) allows a movant to collaterally attack his or her prison sentence. However, a movant's ability to seek habeas relief is limited by several procedural hurdles. A movant has only one year from the date the mandate was issued in his or her direct appeal to file the motion. K.S.A. 2019 Supp. 60-1507(f)(1)(A). But the one-year time limit "may be extended by the court only to prevent a manifest injustice." K.S.A 2019 Supp. 60-1507(f)(2). Effective July 1, 2016, the Legislature amended subsection (f)(2) and limited the factors a court may consider when determining whether the manifest injustice exception applies to "(1) a movant's reasons for the failure to timely file the motion . . . or (2) a movant's claim of actual innocence . . . ." *White v. State*, 308 Kan. 491, 496, 421 P.3d 718 (2018). We apply the amended statute to Frost because it was in effect at the time his second habeas motion was filed.

The mandate in Frost's direct appeal was issued in October 2013. His second habeas motion was filed in October 2018, well past the one-year time limit. Frost did not

4

make any claims of actual innocence in his motion, nor did he explain why his motion was untimely. He now argues his habeas motion was untimely because the case providing substantive support for his argument—*State v. Jolly*, 301 Kan. 313, 342 P.3d 935 (2015)—came out after his one-year deadline to file the motion. Even assuming *Jolly* supports his argument, Frost does not explain why he waited over three and a half years after *Jolly* was decided to file the motion. He fails to show why manifest injustice would result from refusing to hear his claims.

Frost has another procedural hurdle to overcome regarding his second habeas motion. Generally, in a habeas proceeding, the movant is presumed to have listed all grounds for relief in his or her original motion. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013). K.S.A. 2019 Supp. 60-1507(c) states the district court "shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." Our Supreme Court has interpreted this statute to mean the district court can dismiss a successive motion unless exceptional circumstances justify its consideration. See *Beauclair*, 308 Kan. at 304. "Exceptional circumstances are unusual events or intervening changes in the law that prevented the defendant from raising the issue in a preceding 60-1507 motion." *State v. Mitchell*, 284 Kan. 374, 379, 162 P.3d 18 (2007).

Here, because Frost had previously filed a habeas motion for similar relief, he must show exceptional circumstances to prevent the dismissal of this motion. Frost failed to argue exceptional circumstances below but now argues exceptional circumstances justify the district court's consideration of the issue because he has reframed his argument in line with *Jolly*. But like his first habeas motion, Frost is challenging the district court's application of the sentencing statutes relevant to him. See *Frost*, 2016 WL 4069565, at *1. Generally, a second habeas motion supported by different arguments is still successive when it seeks consideration of the same issue. See *Thuko v. State*, 310 Kan. 74, 84, 444 P.3d 927 (2019) (finding second habeas motion successive and no

5

exceptional circumstance despite different supporting arguments because both motions alleged ineffective assistance of direct appeal counsel). Although Frost now relies on *Jolly*, his motion raises no new issues of fact or law that could not have been addressed previously. We find Frost's second habeas motion is successive and fails to show exceptional circumstances.

In 2013, the district court summarily denied Frost's pro se motion to correct an illegal sentence. In that motion, he argued the district court misapplied K.S.A. 2010 Supp. 21-4643(d) when it denied his departure motion. Frost fails to mention his prior motion to correct an illegal sentence and now generally raises the same issue in this appeal.

Issues raised and decided in prior habeas motions or motions to correct an illegal sentence are res judicata and cannot be raised in subsequent motions. See *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012). The same doctrine applies to Frost's direct appeal: "'[W]here an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived.'" *State v. Kingsley*, 299 Kan. 896, 901, 326 P.3d 1083 (2014). When Frost filed his direct appeal in 2012, he could have argued the district court abused its discretion on an issue of law when it denied his departure motion, but he did not. See *Jolly*, 301 Kan. at 325. Thus, we also find Frost's overall argument in this habeas motion is barred by res judicata.

*Claim of illegal sentence has been raised before*

Frost tries to get around the procedural hurdles to his habeas motion by arguing the content of his pleading was really that of a motion to correct an illegal sentence, not a habeas motion, and the district court should have construed his pleading as such. He claims the district court imposed an illegal sentence when denying his departure motion

6

because it balanced the mitigating circumstances against the aggravating ones, contrary to our Supreme Court's instruction in *Jolly*. He cites the general rule that courts are to interpret pro se pleadings based on their contents rather than solely on their titles or labels. See, e.g., *State v. Redding*, 310 Kan. 15, 18, 444 P.3d 989 (2019). But Frost's motion was drafted, filed, and presented by counsel. And as the State points out, Frost's legal memorandum supporting his motion dealt entirely with the manifest injustice exception to the one-year time limit for filing a habeas motion. The district court did not err in addressing Frost's argument in the limited manner he presented it. And even if we were to construe his pleading as a motion to correct an illegal sentence on appeal, Frost is not entitled to relief.

Whether a sentence is illegal is a question of law subject to unlimited review. *State v. Donahue*, 309 Kan. 265, 267, 434 P.3d 230 (2019). An "illegal sentence" is statutorily defined as a sentence: "Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2019 Supp. 22-3504(c)(1). The applicability of K.S.A. 22-3504 is "'very limited'" and a sentence is illegal only if it fits within the definition. *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016).

K.S.A. 2019 Supp. 22-3504(a) controls the remedy for an illegal sentence, stating: "The court may correct an illegal sentence at any time while the defendant is serving such sentence." Our Supreme Court has interpreted this statute to mean appellate courts have "'statutory authority to consider illegal sentence issues for the first time on appeal.'" *State v. Sartin*, 310 Kan. 367, 375, 446 P.3d 1068 (2019). Thus, regardless of whether Frost raised an illegal sentence issue below, we have statutory authority to consider the issue on appeal. But the doctrine of res judicata still applies. "A motion to correct an illegal sentence cannot be used as vehicle to 'breathe new life'" into an issue previously determined against the movant. *Martin*, 294 Kan. at 641. Here, Frost has tried to resurrect

an issue he has already raised. Frost's illegal sentence claim is barred by the doctrine of res judicata.

Affirmed.