NOT DESIGNATED FOR PUBLICATION

No. 123,370

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES RICHARD DUDLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Butler District Court; DAVID A. RICKE, judge. Opinion filed September 3, 2021.
Affirmed.

*Chris J. Pate*, of Pate & Paugh, LLC, of Wichita, for appellant.

*Cody A. Smith*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., ATCHESON and WARNER, JJ.

PER CURIAM: Courts can consider untimely filed collateral attacks on criminal convictions if a prisoner shows a colorable claim of actual innocence. That claim must show that no reasonable juror would have convicted the prisoner in light of new evidence. This case presents a straightforward question of law: Can a video recording be considered new evidence that justifies the late filing of a prisoner's motion for relief from his conviction if it was disclosed to defense counsel before the prisoner entered a plea of guilty?

1

James Dudley appeals the denial of his motion collaterally attacking his sentence under K.S.A. 60-1507. The district court summarily dismissed the motion because Dudley had filed it outside the one-year time limit set in K.S.A. 2020 Supp. 60-1507(f)(1). And he had not shown the manifest injustice necessary to overcome that procedural bar.

To us, Dudley argues that he makes a claim of actual innocence based on newly discovered evidence.

*While serving a prison sentence for another crime, Dudley pled guilty to battery of a correctional officer.*

In 2010, Dudley was an inmate at the El Dorado Correctional Facility. The State charged Dudley with three counts of battery of a correctional officer, and he pled guilty to one count. The court, at the plea hearing, asked if there was a factual basis to support a finding of his guilt. Dudley told the court that he had been getting a haircut when he slipped out of his restraints and got out of the barber's chair. Dudley said that an officer had tried to restrain him and he had punched that officer in the face with a closed fist. The district court found that Dudley's statements were enough to support a finding of guilt. The court accepted Dudley's guilty plea and found him guilty.

*The video recording which is the basis for Dudley's appeal here was mentioned by defense counsel during Dudley's motion for a downward departure sentence.*

Dudley's court-appointed attorney asked the court for a downward durational departure sentence. The motion explained that the degree of harm involved was significantly less than typical for battery of a correctional officer because Dudley did not injure any officer. When the court took up the motion at the sentencing hearing Dudley's attorney renewed those arguments while acknowledging that "this is all on video" and that "[w]e've both watched it a number of times, I'm sure." The State opposed the

2

departure but sought the mitigated presumptive sentence because Dudley had pleaded guilty and had saved the State the expense of going to trial on something "that was factually rather clear" and "was all on video."

The court did not depart from the guideline sentence and sentenced Dudley to 122 months in prison to be served consecutive to the sentence he was currently serving.

*Dudley mentions the video in two later motions: one to correct an illegal sentence and one treated by the court as a habeas corpus motion that is the foundation of this appeal.*

When Dudley later moved to correct an illegal sentence, he argued that he did not commit the battery, that there was not a factual basis for his plea, and *that there was a video recording of his fight with the guards that could exonerate him*. In July 2015, the district court summarily denied Dudley's motion after finding that none of his allegations fit the definition of an illegal sentence. See K.S.A. 2020 Supp. 22-3504(c)(1). We find nothing in the record that suggests that Dudley appealed that ruling. This shows that Dudley knew about the video at that time. We move now to the motion that is the subject of this appeal.

In June 2020, Dudley filed this motion, contending again that there was a video of his fight with the officers that showed he did not punch the officer and the video was not disclosed to him until after he pleaded guilty and was sentenced. He contended that the video was exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), so the State had violated his federal due process rights by not disclosing it. Even though Dudley characterized his motion as one to withdraw his plea, the district court construed it as a motion under K.S.A. 60-1507—a collateral attack on his conviction and sentence. The district court summarily denied the motion and then reaffirmed that ruling when Dudley moved to reconsider.

We will evaluate his motion as if it was filed under K.S.A. 60-1507, since the parties agree the motion should be construed as such.

*We hold that this motion is untimely because it was filed outside the one-year filing limit.*

The law is clear—a prisoner has one year from when a conviction becomes final to file a K.S.A. 60-1507 motion. K.S.A. 2020 Supp. 60-1507(f)(1). The mandate dismissing Dudley's direct appeal was issued in late November 2013, so he had until late November 2014 to file his motion. He filed this habeas motion in June 2020, well after that deadline.

By law, however, a district court may extend that deadline to prevent manifest injustice. When deciding whether there is manifest injustice, a court may consider only a prisoner's colorable claim of actual innocence or the reasons why the prisoner failed to meet the deadline. K.S.A. 2020 Supp. 60-1507(f)(2)(A). The Legislature has explained that "the term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2020 Supp. 60-1507(f)(2)(A). If a prisoner fails to affirmatively assert manifest injustice, a court is procedurally barred from considering the untimely K.S.A. 60-1507 motion. *State v. Trotter*, 296 Kan. 898, 905, 295 P.3d 1039 (2013).

*We find no manifest injustice that would allow an untimely motion.*

Dudley's motion did not explicitly argue for manifest injustice. But he did argue that a video of his fight with guards that the State failed to disclose "clearly shows that [he] did not punch an officer." We liberally construe pleadings prepared without the help of an attorney, as Dudley's were. See *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). We therefore understand Dudley to be asserting manifest injustice by arguing that it is more likely than not that no reasonable juror would have convicted him after

4

considering a video showing that he did not punch the correctional officer, which he characterizes as new evidence.

The problem we have with Dudley's argument is that a colorable claim of actual innocence must turn on *new* evidence. The video of his fight with the officers is not new. Even though Dudley insists otherwise, the record shows that State *did* disclose the video when prosecuting him. We know this because Dudley's attorney referred to the video while arguing for a downward departure sentence. His attorney conceded that the video showed that the charged events occurred, but he asked the court to shorten Dudley's sentence because no officers were injured. And besides that, Dudley mentioned the video in his 2015 motion to correct an illegal sentence. So he knew of the video at that time.

The State disclosed the video, and Dudley was aware of it, but he failed to file this K.S.A. 60-1507 motion by the end of November 2014. Dudley offers no reasons for failing to pursue this claim on time. Therefore, his claim is barred by the one-year limitation of K.S.A. 2020 Supp. 60-1507(f)(1)(A). Because of that, we affirm the district court's summary dismissal of Dudley's motion.

Affirmed.